## LAVERETT v. CONTINENTAL BRIAR PIPE CO., Inc.
### No. 7540.

District Court, E. D. New York.
Dec. 28, 1938.

Evarts, Choate, Curtin & Leon, of New York City, for plaintiff.

Safirstein & Handel, of New York City, for defendant.

BYERS, District Judge.

Motion by plaintiff for an order compelling the continuation of the taking of the deposition of the witness Gevirman pursuant to notice, stipulation, and order of the court of November 3, 1938.

The defendant makes a cross-motion for the suppression of the deposition pursuant to Rule 32 (d), Rules of Civil Procedure.

for District Courts, 28 U.S.C.A. following section 723 c.

These motions have engendered about fifty-eight typewritten pages of affidavits and counter-affidavits, and a four-page brief; a statistical commentary on the extent to which simplification of practice thus far has been promoted in this litigation which is said to involve a sum in the neighborhood of $3,000.00.

Defendant wishes to suppress some twenty-eight pages of testimony heretofore taken, for the reason that Rule 28 is said to have been offended because the deposition was taken and transcribed by a stenographer in the employ of the plaintiff's attorneys.

It is true that the lady is so employed.

It is equally true that on September 30th, last, a written stipulation was entered into between the respective attorneys, adjourning the taking of the deposition of the witness in question, then scheduled for October 18, 1938, to the 26th day of the same month, which recited that the witness should be duly sworn before a notary public, and that the testimony should be taken before any of five named persons, among whom was included the one who officiated.

The defendant's attorney asserts ignorance at that time of the lady's employment, and that it was not discovered by him or his client until December 6th, the last adjourned date, and after the taking of nearly twenty-seven pages (legal cap) of testimony.

There is a dispute between the several deponents as to whether the defendant's attorney was apprised, at the time of the signing of the original stipulation, concerning the point upon which he now bases his objection, but no reason is seen for undertaking to resolve that issue.

It would seem that, if the defendant's attorney saw fit to enter into a stipulation without first satisfying himself as to the possible disqualification of any of the named persons under Rule 28 (c), 28 U.S.C.A. following section 723c, he must be taken to have waived the objection, as contemplated by Rule 29, and consequently the deposition should not be suppressed.

If he has any misgivings as to the fidelity with which the lady has performed her functions heretofore, and wishes to be relieved of his stipulation on that ground, it would be the duty of the court to permit him to do so, which would simply mean that some other stenographer would function in the future. If the parties are unable to come to agreement on this important issue, the court will undertake to appoint a master to preside over the taking of further testimony and he will appoint a stenographer.

The result is that the plaintiff's motion to compel the continuation of the taking of the deposition of the witness Gevirman will be granted and the defendant's cross-motion will be denied.

Settle order.