**AFRAN TRANSPORT COMPANY,** Calendar Navigation Corp., California Transport Corporation, Carib Marine Company, Grand Bassa Tankers, Inc., Hemisphere Transportation Corporation, Kupan Transport Company, Mobil Tankers Company, S.A., Norness Shipping Company, Inc., Panama Transport Company, Seatankers, Inc., Tanker Transport, Inc., Theater Navigation Corp., Transatlantic Navigation Corporation and Universe Tankships, Inc., Plaintiffs,

v.

**NATIONAL MARITIME UNION,** an unincorporated association; Seafarers International Union of North America, an unincorporated association; Joseph Curran, individually and as an officer and member representative of all the members of the National Maritime Union; and Joseph Algina, individually and as an officer and member representative of all the members of the Seafarers International Union of North America, Defendants.

United States District Court
S. D. New York.
Feb. 20, 1959.

Maclay, Morgan & Williams, New York City, for plaintiffs. C. Dickerman Williams, Hugh S. Williamson, Granville Whittlesey, New York City, of counsel.

Cooper, Ostrin & DeVarco, New York City, for defendants National Maritime Union and Joseph Curran. Herman E. Cooper, H. Howard Ostrin, George A. Nicolau, Eugene N. Sosnoff, New York City, of counsel.

Seymour W. Miller, Brooklyn, N. Y., for defendants Seafarers International Union of North America, AFL-CIO and Joseph Algina. Seymour W. Miller, William Feldesman, Brooklyn, N. Y., Milton Horowitz, New York City, Ralph P. Katz, Brooklyn, N. Y., of counsel.

Bigham, Englar, Jones & Houston, New York City, for Republic of Panama, amicus curiæ. Leonard J. Matteson, J. Bond Smith, Jr., New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, for Republic of Liberia, amicus curiae.

FREDERICK van PELT BRYAN, District Judge.

This is an action by twelve Liberian and three Panamanian corporations to enjoin the defendant unions and two named officers of the defendant unions from picketing, boycotting or inducing others to picket or boycott plaintiffs' ships or from interfering in any manner with their operation.

The complaint alleges, in substance, that the defendants, acting in concert with the International Transport Workers Federation, are engaging in a conspiracy to restrain the foreign commerce of the United States in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note and to the irreparable damage of the plaintiffs.

The case originally came before me on plaintiffs' motion for a preliminary injunction and defendants' cross-motion to dismiss the complaint. At that time the defendants had announced their intention of staging a five-day demonstration against plaintiffs' vessels and because of the urgency of the matter and the need for haste, I filed a lengthy opinion, D.C., 169 F.Supp. 416, on the following day in which I denied plaintiffs' motion for a preliminary injunction, while reserving decision on the cross-motion to dismiss the complaint. I will now pass on the cross-motion upon which the parties have submitted additional material.

The motion to dismiss is based upon the ground (1) that the court lacks jurisdiction of the subject matter of the action because exclusive primary jurisdiction lies in the National Labor Relations Board, and (2) that the complaint fails to state a claim upon which relief can be granted.

■ In view of the fact that affidavits have been submitted both in support of and in opposition to the cross-motion, it will be treated as a motion for summary judgment under Rule 56, F.R.Civ.P. 28 U.S.C.A. See Rule 12(b), F.R.C.P.

The facts in this important and far-reaching case were fully set forth in my prior opinion, (D.C.1958, 169 F.Supp. 416) and need not be repeated here.

In denying plaintiffs' motion for preliminary relief I held that it appeared, from the showing made before me, that the controversy was one involving or growing out of a "labor dispute" and that this court, therefore, had no jurisdiction under the Norris-LaGuardia Act, § 4, 29 U.S.C.A. § 104, to grant injunctive relief. I also indicated that under the Labor Management Relations Act of 1947, 29 U.S.C.A. §§ 141 et seq., 151 et seq., the case might be one which lay within the exclusive jurisdiction of the National Labor Relations Board and that, if this was so, only the Board, after following the procedure outlined in the Act, could petition the courts for injunctive relief.

■ The standards used to determine the motion for a preliminary injunction were necessarily quite different from those which must be applied to the motion at bar. Plaintiffs' failure to make out the clear and convincing showing which would entitle them to a preliminary injunction is not in any way determinative of the present motion nor does it mean that there are no issues of fact to be tried. Indeed, if substantial issues of fact requiring a trial have been raised this in itself is usually ground for denial of a motion for a preliminary injunction. Successfully resisting a motion for a preliminary injunction does not entitle a party to summary judgment without a trial. See Anderson-Friberg, Inc. v. Justin R. Clary & Son, Inc., D.C. S.D.N.Y., 98 F.Supp. 75, 83. See, also, Arnstein v. Porter, 2 Cir., 154 F.2d 464.

■ The affidavits before me raise numerous issues of fact, and the case is therefore not one which can properly be disposed of on a motion for summary judgment. Plaintiffs contend that the defendants are not acting pursuant to a legitimate labor objective, but that they are motivated by political, international and governmental considerations and that there is therefore no "labor dispute" within the meaning of the Norris-La-Guardia Act. While plaintiffs did not establish this to be so on the affidavits submitted in support of their motion for a preliminary injunction, they are entitled to an opportunity to present evidence bearing on this question upon the trial. If, as the plaintiffs claim, the defendants are not acting pursuant to a legitimate labor objective, they may not be entitled to the protection which the Norris-La-Guardia Act would otherwise give them. See Allen Bradley Co. v. Local Union No. 3, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939; I.P.C. Distributors v. Chicago Moving Picture Machine Operators, D.C.N.D.Ill., 132 F.Supp. 294.

A question has also been raised as to whether the International Transport Workers Federation with which defendants are claimed to have combined is, in fact, a labor union acting in furtherance of a labor purpose. This is of course relevant in determining whether the defendants have combined with a labor or a non-labor group within the meaning of Allen Bradley Co. v. Local Union No. 3, supra. Plaintiffs are entitled to develop this more fully upon the trial.

■ Furthermore, it appears that some of the plaintiff corporations do not operate any ships which have been transferred from United States to foreign registry and have no United States affiliate which has ever transferred ships to foreign registry. Whether or not, under these circumstances, the National Labor Relations Board has exclusive primary jurisdiction over the controversy remains open for final determination. These complex questions should not be disposed of upon affidavits.

The mention of these issues of fact requiring a trial is sufficient to indicate that the motions for summary judgment should be denied. See Arnstein v. Por-

ter, supra; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130. It is unnecessary to discuss any other issues of fact there may be.

Defendants' motions for summary judgment are denied.

So ordered.