See also 173 F.Supp. 330.

**REPUBLIC PRODUCTIONS, INC., a corporation, Republic Pictures Corporation, a corporation, and Hollywood Television Service, Inc., a corporation, Plaintiffs,**

v.

**AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA, an unincorporated association, James C. Petrillo, Samuel R. Rosenbaum, as Trustee, C. L. Bagley, Leo Cluesmann, Harry J. Steeper, Herman D. Kenin, George V. Clancy, Stanley Ballard, William J. Harris, W. M. Murdoch, Does 1 to 100, inclusive, Defendants.**

United States District Court
S. D. New York.
Feb. 7, 1962.

Baer, Marks, Friedman & Berliner, New York City, for plaintiffs. W. Ber-

nard Richland, New York City, of counsel.

Satterlee, Warfield & Stephens, New York City, for defendant Samuel R. Rosenbaum, as trustee. F. W. H. Adams, Donald W. Smith, Henry J. Formon, Jr., New York City, of counsel.

Poletti, Freidin, Prashker & Harnett, New York City, for defendants American Federation of Musicians, Kenin, Bagley, and appearing specially for defendant Cluesmann.

LEVET, District Judge.

This action to recover $6,000,000 under the United States anti-trust laws was commenced in the United States District Court, Southern District of California, Central Division, by service of a copy of the summons and complaint, as follows:

(a) On defendant American Federation of Musicians of the United States and Canada on March 27, 1957.

(b) On defendant Herman D. Kenin on March 27, 1957.

(c) On defendant C. L. Bagley on March 28, 1957.

By stipulation of January 6, 1958 and order of January 13, 1958, this action was transferred to the Southern District of New York.

Subsequently, the summons and complaint was served on defendant Samuel R. Rosenbaum as Trustee and on defendant Leo Cluesmann.

Defendant Samuel R. Rosenbaum, by notice to take deposition served on November 6, 1961, seeks to examine the plaintiff corporations at this court house, as follows:

"Republic Productions, Inc., by its Vice President Robert Newman, its Labor Relations Manager Howard A. McDonell and its President, Secretary and Treasurer, * * * and plaintiff Republic Pictures Corporation by its Chairman and President V. M. Carter, its Vice President and Director R. W. Altschuler, its Vice President and Director J. J. O'Connell, its Secretary J. E. MacMahon, its Assistant Secretary I. M. Johnson, its Assistant Treasurers R. S. Rodgers and H. Lange, its Directors Edwin VanPelt and H. C. Mills, and its Treasurer, and * * * plaintiff Hollywood Television Service, Inc. by its President, Vice President, Secretary and Treasurer, or any other officers whom the respective plaintiffs are able to produce and who have knowledge of the facts alleged in the complaint * * *."

By stipulation, the taking of this deposition was adjourned to December 6, 1961. No objections thereto have been noted and no motion with respect thereto has been served.

On December 5, 1961, plaintiffs defaulted in appearance for such examination. Plaintiffs' counsel obtained no stay and merely sought to change the place of the examination from New York to California, to which defendant did not consent.

On December 4, 1961, plaintiffs served motion papers upon defendants seeking a "protective order,"

(a) To take the depositions of plaintiffs in California;

(b) To limit such depositions to the "present officers and managing directors having knowledge of the facts * * *."

In the affidavit of counsel for plaintiffs, dated December 4, 1961, the grounds of the motion as stated were:

(a) The officers named in the notice are all residents of the State of California.

(b) The following persons named in the notice have ceased to be officers or employees of any of plaintiff corporations:

Robert Newman
Howard A. McDonell
R. W. Altschuler
J. E. MacMahon and
H. Lange

(c) The other individuals named in the notice were not officers or employees at the time the action arose or for other reasons have no knowledge of the circumstances thereof.

(d) Edwin VanPelt and H. C. Mills are outside directors, playing no active role. J. J. O'Connell, I. M. Johnson and H. C. Mills were limited to other activities. V. M. Carter did not join the corporation until after the events complained of.

(6) The corporation should be examined only in the district in which it has its principal place of business, where the corporation keeps its records and where its officers reside.

(f) The officers are not specifically identified.

By a supplemental affidavit of plaintiffs' counsel dated January 2, 1962, W. Bernard Richland states that he had just been informed that on October 27, 1960 the plaintiffs Republic Productions, Inc. and Hollywood Television Service, Inc. were merged into plaintiff Republic Pictures Corporation and its name was changed to Republic Corporation. However, no documentary proof was submitted by plaintiffs. Moreover, defendant Samuel R. Rosenbaum shows, by documentary proof, that:

(a) Republic Productions, Inc. was dissolved by a dissolution certificate filed in the office of the Secretary of State of the State of New York on October 27, 1960.

(b) Hollywood Television Service, Inc. was dissolved by a dissolution certificate filed in the office of the Secretary of State of the State of Delaware on October 26, 1960.

■ At the outset it must be noted that Section 278 of the Delaware Corporation Law, 8 Del.C. § 278 provides:

"§ 278. Continuation of corporation after dissolution for purposes of suit and winding up affairs

"All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of three years from such expiration or dissolution, bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which the corporation shall have been established. With respect to any action, suit, or proceeding begun or commenced by or against the corporation prior to the expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by or against the corporation within three years after the date of the expiration or dissolution, the corporation shall, only for the purpose of such actions, suits or proceedings so begun or commenced, be continued bodies corporate beyond the three-year period and until any judgments, orders, or decrees therein shall be fully executed."

Courts will take judicial notice that Delaware statutes extended the life of a company for three years for the purpose of suing or being sued. Eastman, Gardiner & Co. v. Warren, 5 Cir. 1940, 109 F.2d 193.

The following motions are before me:

(1) The attorneys for defendant Rosenbaum, Trustee, move for an order pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint for the failure of plaintiffs to proceed in accordance with the deposition notice by service on November 6, 1961.

(2) The plaintiffs move for a protective order,

(a) to take plaintiffs' depositions in California;

(b) to limit the depositions of plaintiffs to the testimony of present officers

## 162

and managing directors of plaintiffs having knowledge of the facts.

(3) Defendants American Federation of Musicians of the United States and Canada, Herman D. Kenin and C. L. Bagley and Leo Cluesmann (appearing specially) join in motion No. 1 above mentioned.

### DISPOSITION OF THE MOTIONS

■ 1. Motion No. 1 above stated is denied. While plaintiffs are clearly not free from criticism, this would indeed be a drastic remedy to invoke.

■ 2. (a) The plaintiffs' motion to take their testimony in California is denied for the following reasons:

The motion for the protective order was not seasonably made;

The plaintiffs had already consented to transfer the action from California to New York;

■ The conduct of plaintiffs was in effect a waiver of objections to the notice. See Laverett v. Continental Briar Pipe Co., Inc., D.C.E.D.N.Y.1938, 25 F.Supp. 790; Bergstrom Paper Co. v. Continental Insurance Co., D.C.E.D.Wis.1947, 7 F.R.D. 548, 550.

As an alternative, plaintiffs may elect to be examined in California upon payment of defendants' counsel fees and necessary expenses in an amount to be determined in advance by this court.

■ 2. (b) In the apparently chaotic condition of the corporate organizations of plaintiffs and by reason of the lack of familiarity of counsel as to the officers and managing agents of plaintiffs, this court has no first-hand information as to (1) the identity of the officers, directors, etc.; (2) when the persons sought to be examined ceased to be officers, directors, etc., if such be the case; and (3) the lack of knowledge of such officers, directors, etc. of the facts in question.

Accordingly, this motion is denied without prejudice to a motion for such relief upon sufficient first-hand information in respect to the corporate matters, such motion to be made within 20 days after the date hereof. Otherwise, the examination is to proceed in New York on or before 25 days from date.

3. Motion No. 3 is denied.

So ordered.