**Jesse R. MOORE, Appellant,**

v.

**ISLAND CREEK COAL COMPANY,**
Appellee.

No. 10963.

United States Court of Appeals
Fourth Circuit.

Argued March 9, 1967.

Decided April 3, 1967.

Hymen Schlesinger, Pittsburgh, Pa. (Raymond G. Musgrave, Point Pleasant, W. Va., on brief), for appellant.

Norman K. Fenstermaker, Huntington, W. Va. (Jenkins, Schaub & Fenstermaker, Huntington, W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and SIMONS, District Judge.

PER CURIAM.

The District Court dismissed this case in which a seaman sought damages and maintenance and cure in connection with an injury he suffered while serving on a river boat. With the assistance of counsel, he obtained a settlement of all of his claims, but later, with another lawyer,

---

instituted these proceedings. Dismissal occurred on motion after the plaintiff had failed to appear for the taking of his discovery deposition.

Notice of the taking of the discovery deposition was duly served upon the plaintiff and his lawyers. At the request of his lawyers, it was postponed to and rescheduled for a later date, formal notice of which again went to the plaintiff. Again, at the request of plaintiff's counsel, the taking of the deposition was postponed and rescheduled, and notice of the third date duly went to the plaintiff. On that date, one of his lawyers appeared for the taking of the deposition, but the plaintiff did not. Counsel for neither party received any word from him that he would not be present. An attempt to reach him at his home by telephone was fruitless.

Counsel for the defendant promptly wrote to inform the plaintiff and his counsel that sanctions would be sought of the Court. Before proceeding to invoke them, however, he waited almost two months, during which time he received no word from the plaintiff or his lawyers either in explanation of the plaintiff's failure to appear or proffering him for the taking of his deposition. The defendant then filed a motion to dismiss the complaint, and notice of that motion and of its hearing was duly served.

At the hearing of the motion to dismiss, the plaintiff appeared neither in person nor by counsel,[1] whereupon the Court entered the order of dismissal from which this appeal is taken.

The District Court, of course, had the discretionary right to impose milder sanctions which would not foreclose subsequent prosecution of the claims. Doubtless it would have done so if there had been a showing, even as late as the hearing on the motion to dismiss, of extenuating circumstances. In the absence of any such showing, however, and in the light of the plaintiff's failure to appear for the hearing, compounding his

earlier failure to appear for the taking of the deposition or subsequently to proffer himself for the taking of such deposition, the District Court was supplied with ample grounds for the exercise of its discretion to dismiss.

Affirmed.

---

1. The plaintiff's Pittsburgh lawyer had written to the Judge requesting leniency, but, possibly because of his geographic re-

moteness from the plaintiff and the Court, suggesting no remedial step.