**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**NORTH AMERICAN RESEARCH AND DEVELOPMENT CORP. et al., Defendants.**

No. 67 Civ. 3724.

United States District Court, S. D. New York.

July 14, 1972.

Kevin Thomas Duffy, Regional Administrator, New York City, Donald N. Malawsky, Roger M. Deitz, New York City (of counsel), for SEC.

Glass & Greenberg, New York City, Lorance Hockert, New York City (of counsel), for defendants North American Research and Development Corp. and K. Ralph Bowman.

Saul Horing, New York City, for defendants, Richard E. Whitney, Norma C. Bowman, Abby Whitney, Albert W. Conrad, Frank M. Whitney, Donald Glenn, Robert A. Johnson and Ramon Bowman.

Sidney Schreiberg, New York City, for defendant, Edward White.

Alfred Blumberg, pro se.

MOTLEY, District Judge.

### MEMORANDUM OPINION

This case presents the question of whether a party can be awarded summa-

ry judgment on its main action on the basis of findings and conclusions in its favor after hearing on an earlier preliminary injunction motion.

The Securities and Exchange Commission (SEC) filed the complaint in this action on September 26, 1967, seeking to enjoin 43 defendants from violating the registration provisions of the Securities Act in connection with the offer and sale of the common stock of defendant North American Research and Development Corp. (NARD) and any other securities. The complaint also charged all defendants with violations of the antifraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934.

Soon after filing the complaint the SEC moved for a preliminary injunction. District Judge Mansfield held seven days of hearings at which oral testimony was given by 24 witnesses before rendering lengthy findings of fact and conclusions of law on February 8, 1968 (reported at 280 F.Supp. 106, D.C.N.Y.). On the basis of that opinion he preliminarily enjoined a number of defendants. The Court of Appeals, also in a detailed opinion, upheld the District Court's injunction, and remanded for further hearings on several defendants who had not been enjoined (reported at 424 F.2d 63 (2d Cir. 1970)). After further oral argument the District Court enjoined three additional defendants.

The facts involved in this case are extensively set forth in the two opinions on the motion for the preliminary injunction. Briefly, Edward White (White) and other defendants are charged with selling blocks of NARD stock despite the fact that the stock was not registered, and with violating the antifraud provisions of the securities laws in connection with those sales.

Of the original 42 defendants served in this action, permanent injunctions have been entered against all but sixteen.[1] The SEC now moves for summary judgment against those sixteen remaining defendants: NARD, White, Robert A. Johnson, Lewis Dillman, Donald Glenn, K. Ralph Bowman, Norma C. Bowman, Ramon N. Bowman, Albert W. Conrad, Wellington Hunter d/b/a Wellington Hunter Associates, Alfred Blumberg, Richard E. Whitney, Frank Whitney, Abby Whitney, Griffith C. Lindquist d/b/a Lindquist Securities Co., and Dunhill Securities Corporation. Judge Mansfield preliminarily enjoined all of these defendants but three: Norma C. Bowman, Albert Conrad and Abby Whitney.

In the alternative, the SEC moves for a default judgment against defendants Ramon N. Bowman, Conrad, Glenn, Norma C. Bowman, Frank M. Whitney, Abby Whitney and Dillman for failure to appear and testify at a deposition in 1970.

Defendants Dillman, Hunter, and Lindquist defaulted on this motion. A permanent injunction was therefore entered against them on March 14, 1972 by Judge Metzner. The SEC's motions will be partly or wholly denied with respect to the other defendants, however, for the reasons which follow.

In support of its motion for summary judgment the SEC essentially relies on the findings of the District Court and Court of Appeals on the preliminary injunction motion. It has presented the Court with a lengthy affidavit of a staff attorney, but this document is merely a restatement of the facts found by Judge Mansfield. The SEC has also included transcripts of proceedings before the Commission in August and September 1967, prior to the initiation of this ac-

1. Twelve defendants consented to permanent injunctions against them; thirteen others defaulted. The complaint was dismissed against one defendant because of death.

tion and the motion for a preliminary injunction.

The position of the SEC is that the hearing and appeal on the preliminary injunction settled all factual issues in its favor, and that there are thus no facts in dispute. It states:

"Summary judgment in this instance is not premature. The defendants have been afforded the opportunity for an evidentiary hearing, . . . and two courts have held that defendants have offered no evidence or testimony to controvert and rebut the plaintiffs allegations.

\* \* \* \* \* \*

"In view of the fact that the instant issues have been exhaustively tried and reviewed, a permanent injunction should issue forthwith." (SEC brief at 8, 9).

It is important to note that the hearing before Judge Mansfield was addressed solely to the question of whether or not preliminary injunction should issue. The trial of the action on the merits was not consolidated with that hearing, as permitted by Rule 65(a)(2), Fed.R.Civ.P., nor does the record before us suggest that the SEC ever moved for such consolidation. Nevertheless, the SEC contends: "The defendants were afforded the safeguard of an evidentiary hearing which, in effect, is a trial." (SEC brief at 8, 9).

■ "In effect" the hearing on the preliminary injunction was nothing more than just that. We are thus presented with the question of whether factual and legal determinations made on a motion for preliminary injunction are final for the purposes of a motion for summary judgment. The SEC has not cited one case in favor of its novel contention that they are, nor has this court been able to find such precedent on its own investigation. But *cf.* Mason v. Palo Verde Irrigation District, 132 F.2d 714 (9th Cir. 1943) (alternative holding); Yonkers Raceway, Inc. v. Stand-

ardbred Owners Association, Inc., 21 F.R.D. 3, 6 (S.D.N.Y.1957) (questions decided on the hearing for a preliminary injunction should be adhered to unless it clearly appears that an error was committed or that additional facts brought out at trial demand a modification). Rather, the tenor of the cases, and the function of preliminary injunctions, forbid the granting of summary judgment on the basis of the determination of a preliminary injunction motion.

■ In the first place, the grant or denial of a temporary injunction does not conclude the parties on the merits of the case. Sutton Cosmetics (P.R.) v. Lander Co., 445 F.2d 285 (2d Cir. 1972). As was stated in Benson Hotel Corp. v. Woods, 168 F.2d 694, 697 (8th Cir. 1948):

"It must be borne in mind that the parties did not submit the case to the trial court on the merits. . . . The decision of the trial court on granting the motion for preliminary injunction will not estop either of the parties on the trial of the case on the merits, nor would any determination of those questions by this court on appeal be binding on the trial court nor upon either of the parties in considering and determining the merits of the controversy. . . . [T]he decision of either the trial or appellate court in granting or denying the temporary injunction does not constitute the law of the case and will not estop the parties nor the court as to the merits of the case."

See also 7 Moore's Federal Practice ¶ 65.21 (2d ed. 1971); Imperial Chemical Industries Ltd. v. National Distillers & Chemical Corp., 354 F.2d 459, 463 (2d Cir. 1965); Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 742 (2d Cir. 1953). An interlocutory decree forms the basis of a plea of res judicata only in those matters on which it renders a final disposition. 1B Moore's, *supra,* ¶ 409[1] at 1002.

This rule stems from the due process requirement that the parties' should not be foreclosed on the merits by a hearing that expressly addressed only preliminary questions, and at which parties may not have presented their best possible case. Here defendants were rightfully entitled to expect that they would have a further day in court. It would be grossly unfair for us now to change the law, as the SEC urges, and hold that matters which everyone, including the SEC, considered to have been only temporarily determined are now entirely settled.

This is not to say that we do not sympathize with the SEC's desire to expedite the final determination of this action, begun almost five years ago. The length and thoroughness of the opinions on the preliminary injunction motion evidence large amounts of time and expense already devoted to this one case by both the parties and the courts. We are also aware of the heavy press of work on the courts, not an insignificant amount of which consists of securities cases involving complex issues of law and fact.

The answer does not lie, however, in judicial constriction of the substantial rights of litigants. *Cf.* Rodriguez v. McGinnis, 456 F.2d 79, 82, 83 (2d Cir. 1972). In fact, Rule 65(a)(2) provides two methods to avoid repetition of a lengthy preliminary injunction hearing at the trial on the merits without sacrificing those rights.

The first, alluded to above, is consolidation of the trial on the merits with the hearing of the application. "[This] authority can be exercised with particular profit when it appears that a substantial part of the evidence offered on the application will be relevant to the merits and will be presented in such form as to qualify for admission on the trial proper." 1966 Advisory Committee's Note to Revised Rule 65, 39 F.R.D. 124 (1966). Consolidation can be especially useful in actions to restrain viola-tions of the securities laws. *See* Securities and Exchange Commission v. Manor Nursing Centers, 340 F.Supp. 913 (S. D.N.Y.1971), aff'd, 458 F.2d 1082 (2d Cir. 1972).

The second device available to avoid repetition in Rule 65(a)(2) is that "[e]ven when . . . consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes a part of the record on the trial and need not be repeated upon the trial." One writer has commented on the amendment adding this provision: "This will permit a saving of time and the elimination of duplicating evidence." Joiner, "The New Civil Rules," 40 F.R.D. 359, 361 (1966). See also Committee on Federal Rules of Civil Procedure, Judicial Conference Ninth Circuit, "Report", 36 F.R.D. 209, 235 (1964). Use of this provision of Rule 65(a)(2), rather than a motion for summary judgment, would seem to be the correct procedural course for the SEC.

Certainly, the amendment of Rule 65 in 1966, adding these two procedural devices, implicitly suggests that findings on a preliminary injunction motion should not form the basis of the award of summary judgment. Some courts have approved the consideration of *testimony* at preliminary injunction hearings on motions for summary judgment, *see e. g.,* Bolt Associates, Inc. v. Alpine Geophysical Association, 365 F.2d 742 (3d Cir. 1966), but this is far different from holding the *findings* on the motion to be conclusive. And denial of a motion for a preliminary injunction does not entitle the prevailing party to summary judgment. Afran Transport Co. v. National Maritime Union, 175 F.Supp. 285, 287 (S.D.N.Y.1959).

Even if we accepted the SEC's position—treating the facts and law found on the preliminary injunction as settled —we still could not grant summary judgment for the requested relief of per-

manent injunctions against defendants.[2] Judge Mansfield did not find that defendants had violated the securities laws, but rather, that "the Securities and Exchange Commission has come forward with clear and convincing evidence to establish a strong prima facie case. SEC v. Boren [283 F.2d 312 (2d Cir. 1960)]." 280 F.Supp. at 133. He then said, "Under the circumstances, and in view of the public interest in protecting investors against ventures of the type disclosed by the evidence, a preliminary injunction will issue against the following defendants. . . . " *Id.*

Contrast these conclusions with those upon which a permanent injunction must be based. First, of course, the court must find defendants' violations of the pertinent statute as fact, a finding that has never formally been made in this case. Then "[t]he critical question for the district court in deciding whether to issue a permanent injunction in view of past violations is whether there is a reasonable likelihood that the wrong will be repeated." SEC v. Manor Nursing Centers, *supra,* 458 F.2d 1082 at p. 1100. Among the circumstances to which the court may look are the good faith of any expressed intent to comply in the future, the effectiveness of any discontinuance of past violative conduct and the character of past violations. United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); SEC v. Culpepper, 270 F.2d 241, 249–250 (2d Cir. 1959).

■ Obviously the likelihood of repetition cannot be conclusively determined in 1972 solely on tentative findings made in 1968, particularly when it appears that defendants have not dealt in NARD stock since 1967 or distributed the misleading report since 1968. Judge Mansfield preliminarily enjoined most of the defendants here with respect to

NARD only. The SEC now seeks the broad relief of permanent injunction against securities laws violations in connection with all securities, not merely those of NARD. A showing of reasonable likelihood to commit the threatened wrongs at the time an injunction issues is a necessary predicate of such relief.

■ The answer to the SEC's Rule 9(g) statement of material facts and moving affidavit on its motion for summary judgment consists of an affidavit by Lorance Hockert as counsel for defendants NARD and Ralph K. Bowman. Counsel for defendants Richard Whitney, Norma Bowman, Abby Whitney, Albert Conrad, Frank Whitney, Donald Glenn, Robert Johnson and Ramon Bowman incorporates the Hockert affidavit as his answer. The Hockert affidavit does not contest the facts found by Judge Mansfield and repeated in the SEC's affidavit or the contentions that these defendants violated the securities laws. Summary judgment is therefore granted for the SEC on those issues. Rule 56(d), Fed.R.Civ.P. The Hockert affidavit does, however, dispute both the likelihood of repetition of those violations, and the need for injunctive relief. These are questions of fact which must await trial.

■ Defendant Edward White's affidavit disputes both the question of his conduct in 1967 and the present need for an injunction. Because of these unresolved questions of fact, the motion for summary judgment against him is denied in all respects. The same applies to defendant Alfred Blumberg.[3]

Finally, we turn to the SEC's request for a default judgment "pursuant to Rule 37(b)" against certain of the defendants for failure to appear for the taking of their depositions by the SEC. The depositions had been noticed for various days in August 1970 at Los Angeles,

---

2. In fact, if we accepted the SEC's reasoning *in toto* we would have to grant summary judgment in favor of the three defendants here—Norma C. Bowman, Albert Conrad, and Abby Whitney—whom Judge Mansfield decided not to enjoin.

3. His *pro se* answering papers have been considered though they were not timely filed.

Seattle and Salt Lake City. Counsel for the defendants at issue here avers that his clients were under the impression that an agreement adjourning their depositions had been reached because of a possible settlement of the action. He states that no new date has ever been requested.

██ "[M]ost cases in which dismissal or default judgment is ordered under Rule 37(d) [which is the relevant provision here] are ones in which there has been repeated and aggravated refusal to make discovery." 4A Moore's, *supra,* at ¶ 37.05, pp. 37–106 n. 5. The SEC waited over 18 months to make this motion, and it is most likely an afterthought to the motion for summary judgment. In these circumstances it will be denied. See Anderson v. Nosser, 438 F.2d 183, 204 (5th Cir. 1971); Republic Productions, Inc. v. American Federation of Musicians of United States and Canada, 30 F.R.D. 159, 162 (S.D.N.Y.1962).