**Alton Claude FOSS, Jr., Plaintiff,**

**v.**

**Richard E. GERSTEIN, State Attorney for the Eleventh Judicial Circuit of Florida, et al., Defendants.**

**Civ. No. 72–1601.**

United States District Court,
S. D. Florida,
Miami Division.

March 1, 1973.

William M. Kunstler, % Center for Constitutional Rights, New York City, Carol Scott, Gainesville, Fla., for plaintiff.

Stuart Simon, Miami, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES LAWRENCE KING, District Judge.

### I.

This civil action was initiated by the Plaintiff on October 10, 1972, following his arrest on July 14, 1972, by the Federal Bureau of Investigation upon an indictment returned by the Federal grand jury sitting in Tallahassee, Florida, investigating the planned activities of certain members of the Vietnam Veterans Against the War (VVAW) which were to take place during the Republican National Convention,[1] and a subsequent arrest on July 18, 1972, by officers of the Dade County Public Safety Department charging Plaintiff with unlawful possession and delivery of certain hallucinogenic drugs. The complaint alleges a violation of Plaintiff's constitutional rights under the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution; his statutory rights under "42 U.S.C. Section 1981, et seq.;" and seeks to invoke the jurisdiction of this Court under 28 U.S.C. Sections 1331, 1343, and 2283. The named Defendants are Richard E. Gerstein, State Attorney of the Eleventh Judicial Circuit of Florida; Fred Oller, Harrison Crenshaw and Gerald Rudoff, officers with the Dade County Public Safety Department; Michael F. Hutter and Francis E. Gibbons, Special Agents of the Federal Bureau of Investigation; and Dr. David R. Robinson, Director of the Veterans Administration Hospital, Miami, Florida. The apparent thrust of plaintiff's complaint is twofold. First, that Defendants Crenshaw and Rudoff did on July 7, 1972 threaten the Plaintiff with an unfounded criminal prosecution for the unlawful possession and delivery of drugs if he did not cooperate with the Federal Bureau of Investigation in their investigation of certain members of the VVAW, and also appear and testify falsely before the Federal grand jury sitting in Tallahassee, Florida, regarding the activities of certain members of the VVAW. Secondly, Plaintiff asserts that these Federal and State arrests and prosecutions were made in bad faith, without any expectation of securing valid convictions and were part of a so-called "plan and program" undertaken by Attorney General Richard G. Kleindienst in "cooperation" with the Defendants which was done for the purpose of discouraging and inhibiting Plaintiff in the conduct of his anti-war activities. The complaint requested this Court to enjoin and restrain the then pending State criminal prosecution against Plaintiff for unlawful possession and delivery of hallucinogenic drugs. It also sought an award of $1,000,000 in damages against some or all of the Defendants.

1. The indictment charged violations of Title 18, U.S.C., Section 231(a)(1) (civil disorders which may obstruct, delay and adversely affect commerce); Title 26, U.S.C., Sections 5861(d) and 5871 (unlawful possession of an unregistered destructive device); conspiracy to violate Title 18, U.S.C., Section 2101 (interstate travel or communication to perpetrate a riot); Title 18 U.S.C., Section 844(i) (malicious damage and destruction, by means of explosives, of personal and real property used in interstate commerce); Title 18, U.S.C., Section 844(h) (use of explosives to commit felonies prosecutable in courts of the United States), and Title 26, U.S.C., Section 5861(c) and (d); and Title 18, U.S.C., Section 371 (conspiracy).

Following the filing of this suit, State Defendants Gerstein, Oller, Crenshaw, and Rudoff on November 1, 1972, noticed the taking of the deposition of Plaintiff Foss for November 10, 1972. Thereafter, on November 9, 1972, the day befor the scheduled deposition of Plaintiff Foss, counsel for the Plaintiff telephonically contacted State Defendants' attorney and upon the representation that she could not locate the Plaintiff, requested a continuance of the deposition until November 14, 1972. Defendants' counsel agreed to renotice, and did in fact renotice, the deposition for November 14, 1972, subject to the understanding that he deemed it essential to depose Plaintiff Foss at the earliest possible date and would not agree to any further continuances. Also on November 9, 1972, Plaintiff, without notice to Defendants' counsel at the time of the said telephone conversation, moved in this Court for a protective order under Rule 26(c), Federal Rules of Civil Procedure, asserting that the taking of his deposition during the pendency of his criminal indictment would deprive him of his Fifth Amendment right against self-incrimination.[2] This Court declined to enter such a protective order. On November 14, 1972, the date agreed upon between counsel, Defendants' attorney and an official reporter were present for the deposition, but neither Plaintiff nor his attorney appeared as scheduled.

On November 15, 1972, Plaintiff moved this Court to temporarily enjoin the aforesaid State criminal prosecution, which was scheduled for trial on November 20, 1972, or in the alternative, to stay the said prosecution pending oral argument on the within motions and/or an evidentiary hearing on the allegation of the complaint. As grounds therefor, Plaintiff relied on the allegations of the verified complaint and a sworn affidavit of Plaintiff's counsel attached to the said motion. This Court denied the application as being neither timely nor meritorious.[3]

Thereafter, on November 15, 1972, Defendants Gerstein, Oller, Crenshaw, and Rudoff filed a motion pursuant to Rule 37(d), Federal Rules of Civil Procedure, seeking sanctions for Plaintiff's failure to appear for the taking of his deposition, and specifically for the dismissal of this suit.[4] On December 6, 1972, Plaintiff filed his response to Defendants' motion for sanctions, incorporating his motion for protective order as a part thereof. By order of February 1, 1973, mailed to all counsel, this Court set for hearing on February 9, 1973, the State Defendants' motions to dismiss in

2. The Motion for Protective Order, mailed by Plaintiff's counsel on November 9, 1972, originally sought to restrain or stay the taking of the deposition set for November 10. By footnote to the affidavit attached thereto, Plaintiff's counsel indicated that the said deposition was *reset* for November 14 by *agreement* of the parties.

3. The United States Court of Appeals for the Fifth Circuit, on November 20, 1972, denied Plaintiff-Appellant's motion for stay order. The Court stated that it was convinced from an examination of the files and records that the case did not fall within the exception to Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669. Foss v. Gerstein et al., Case No. 72–3496, (Opinion filed November 20, 1972). This Court notes that both parties hereto have petitioned the Appellate Court

to dismiss the appeal on the grounds that it is moot due to the conviction and sentence of the Plaintiff in the State Criminal Court.

4. Additionally, motions had been filed on October 30 and 31, 1972, by Defendants Gerstein, Oller, Crenshaw, and Rudoff seeking dismissal of the action under Rule 8(a)(2) and 12(b)(6). Defendant Gerstein argues that the complaint fails to allege the commission of wrongful acts outside the scope of his jurisdiction as State Attorney. He also argues that it fails to state a claim for injunctive relief. Defendants Gerstein, Oller, Crenshaw, and Rudoff jointly argue that the complaint neither contains a plain statement of the claim as required by Rule 8(a)(2), Federal Rules of Civil Procedure, nor states a claim under Sections 1983, 1985, and 1986, Title 42 U.S.C.

this action. On February 7, 1973, Plaintiff filed a motion for continuance of this hearing, stating that both of Plaintiff's counsel were involved in the trial of other cases, and could not be present. No earlier attempt was made by Plaintiff's counsel to inform this Court or any of the Defendants of the said conflicts. By order of February 8, 1973, mailed to all counsel, Plaintiff's motion for a continuance was denied. At the hearing on February 9, 1973, the Court heard oral argument from counsel for the State Defendants Gerstein, Oller, Crenshaw and Rudoff, and from the Federal Defendants Hutter, Gibbons and Robinson. Neither Plaintiff nor his counsel were present for the hearing. The State Defendants stated, as previously set forth in their motion and affidavit-memorandum, that the Plaintiff's twice refusal to submit to depositions had materially prejudiced their ability to defend this action, and therefore urged that Plaintiff's actions be dismissed as to themselves. State Defendants' counsel argued that Plaintiff acted in bad faith by willfully attempting to avoid discovery immediately prior to the State criminal prosecution, while at the same time, seeking to stay the same at the last minute, without hearing, on the basis of unopposed affidavits and the verified complaint. The Federal Defendants', stating that although they had not first noticed Plaintiff's deposition, and therefore could not properly file a motion for sanctions, did urge that the allegations in the complaint—alleging a Federal-State conspiracy to deprive Plaintiff of his constitutional rights—were so intertwined and interrelated that they, as the State Defendants, were equally prejudiced by Plaintiff's refusal to appear for his deposition, and therefore were entitled to similar sanctions.

## II.

■ The sanction sought herein by both the State and Federal Defendants—dismissal of the action for Plaintiff's failure to appear for deposition—"is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion." Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1967). However, any "party who seeks to evade or thwart a full and candid discovery incurs the risk of serious consequences . . ." C. WRIGHT, FEDERAL COURTS 396 (1970).

■ Here, Plaintiff has on two occasions thwarted Defendants' efforts to take his deposition, and has similarly failed to appear before this Court at the hearing on February 9, 1973, to state any facts or circumstances in mitigation of this action. No good faith effort to comply with the Defendants' discovery efforts has been demonstrated by the Plaintiff. (See Bon Air Hotel, Inc. v. Time, Inc., 376 F.2d 118, 122 (5th Cir. 1967)), and the record before the Court compels no other conclusion than that Plaintiff's conduct was willful and not due to any circumstances beyond his control. (Compare Societe International v. Rogers, 357 U.S. 197, 211, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); Anderson v. Nosser, 438 F.2d 183, 202 (5th Cir. 1971); Dorsey v. Academy Moving & Storage, Inc., 423 F.2d 858 (5th Cir. 1970) where Plaintiffs made a good faith effort to comply with discovery requirements). Accordingly, upon these facts, the motion of the State Defendants Gerstein, Oller, Crenshaw and Rudoff that this action be dismissed as to them, with prejudice, is granted. Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir. 1970); Durgin v. Graham, supra; Moore v. Island Creek Coal Company, 375 F.2d 732 (4th Cir. 1967). Similarly, the Court is persuaded that the allegations contained in Plaintiff's complaint alleging a Federal-State conspiracy to deprive him of his constitutional rights are so closely related, and the defenses to each are so interdependent, that the Federal Defendants have been equally prejudiced by Plaintiff's conduct, and that upon the authority

cited, the dismissal of the action, with prejudice, as to Defendants Hutter, Gibbons and Robinson is both necessary and proper, and it is so ordered.

■ That the pending criminal trial might have produced certain conflicts with Plaintiff's Fifth Amendment rights, likewise does not justify his actions in not appearing for his deposition. Lyons v. Johnson, 415 F.2d 540, 542 (9th Cir. 1969). As stated in Lyons v. Johnson, *supra,* 415 F.2d at 542:

> "Her [Plaintiff's] obtaining of this shield, however, could not provide a sword to her for achieving assertion of her claims against the defendants without having to conform to the processes necessary to orderly and equal forensic functioning. Clearly, the process of discovery has become increasingly recognized as one of the primary and essential elements in making federal court business flow and in contributing to the accomplishing of trial justice or settlement termination of litigation. *The scales of justice would hardly remain equal in these respects, if a party can assert a claim against another and then be able to block all discovery attempts against him by asserting a Fifth Amendment privilege to any interrogation whatsoever upon his claim. If any prejudice is to come from such a situation, it must, as a matter of basic fairness in the purposes and concepts on which the right of litigation rests, be to the party asserting the claim and not to the one who has been subjected to its assertion.* It is the former who has made the election to create an imbalance in the pans of the scales." (Emphasis added.)

Nevertheless, had Plaintiff appeared and testified fully as to all matters not conflicting with his rights available in the criminal trial, a protective order could have been sought in this Court as to those matters in conflict, and upon a proper showing of prejudice, Plaintiff's rights would have been protected by this Court.

III.

Having determined that dismissal of this action under Rule 37(d) is appropriate, it is not necessary for this Court to now consider Defendants' remaining motions to dismiss this action under Rule 8(a)(2) and 12(b)(6). However, the Court can not help but note in passing two factors which raise certain questions as to the substance of Plaintiff's complaint. The first such factor goes to Plaintiff's allegation that his State arrest and prosecution was made in bad faith and with no expectation of securing a valid conviction. While admittedly this allegation of bad faith is far reaching, the thrust of this charge has, it would appear, been blunted somewhat by Plaintiff's subsequent conviction on December 14, 1972, in the Criminal Court of Record in and for Dade County, Florida, on the charge of unlawful possession and delivery of hallucinogenic drugs. Similarly, the force of Plaintiff's allegations throughout his Complaint going to the propriety of the Federal grand jury in Tallahassee by which he was indicted, has likewise been lessened, it would seem, by the decision of the United States Court of Appeals for the Fifth Circuit in Beverly v. United States, 468 F.2d 732, 748 (5th Cir. 1972). In this decision, the Appellate Court specifically considered and rejected charges of impropriety in the conduct of the Tallahassee grand jury, and further determined that the First Amendment rights of the witnesses called before the grand jury, including the Plaintiff herein, were not violated by such subpoenas. *Ibid.*

However, as previously stated, these factors do not bear upon the Court's determination to impose sanctions upon the Plaintiff in this action, but rather go to the merits of the Plaintiff's case, and therefore will not now be considered by this Court.

Therefore, for the foregoing reasons, it is ordered that the motion of the Federal and State Defendants for sanctions pursuant to Rule 37(d) is granted, and this action is dismissed, with prejudice, as to all Defendants.