**P.J. YANNITELLI and Kenneth Heller, Plaintiffs,**

v.

**NAVIERAS DE PUERTO RICO, Puerto Rican Maritime Management and 650 Leasing Corp., Defendants.**

**No. 82 Civ. 8574 (SWK).**

United States District Court,
S.D. New York.

April 29, 1985.

Kenneth Heller, New York City, for plaintiffs and plaintiff, pro se.

Walker & Corsa by Michael D. Wilson, New York City, for defendants.

### MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

On April 12, 1985, this Court held a pretrial conference in the above-captioned ac-

tion. That conference was attended by the attorney for the defendants, but was not attended by the attorney for the plaintiff.[1] At that conference, defendants' attorney moved to dismiss this case with prejudice and moved for an award of costs and attorneys fees incurred because of Mr. Heller's failure to appear at the conference. For the reasons stated below, these motions are granted.

## BACKGROUND

The Court does not intend to engage in another lengthy discussion of the procedural history of this case. That history has been set out in detail in two prior opinions—the first dated November 9, 1984; the second, March 21, 1985—familiarity with which is here presumed. Suffice it to say, however, that plaintiffs have defiantly disregarded nearly every scheduling order this Court has entered, have on at least three occasions failed to appear at a pretrial conference, and have done essentially nothing to prosecute their claims since this case was removed to this Court nearly two and one-half years ago.

Most recently, the Court held a pretrial conference on March 15 that Mr. Heller failed to attend. In response to that absence, and to the information that the depositions which this Court had ordered occur before December 9, 1984, still had not been taken, by order dated March 21, 1985, this Court directed that plaintiffs appear for their depositions before April 12, 1985. The Court further directed Mr. Heller to appear for another conference on April 12, 1985. Failure to do either, the Order indicated, would result in dismissal of the claims. As it turned out, plaintiffs failed to do both.

Mr. Heller appeared for his deposition before April 12, 1985. In response to questions posed at the deposition, Mr. Heller, apparently, disclosed his total lack of standing to bring this suit. (Transcript of April 12, 1985 conference, ("Tr.") p. 2.) Consequently, he voluntarily discontinued his portion of the action with prejudice.

Ms. Yannitelli, on the other hand, failed to appear for her deposition within the prescribed time.[2] No one contacted the Court with a request for a further adjournment of that deposition. Rather, plaintiff simply failed to appear.

Finally, Mr. Heller failed to attend the conference on April 12, 1985. On April 11, some twenty-one days after he was notified of the scheduling of that conference, Mr. Heller had his secretary call to request an adjournment of the conference. The request was denied as untimely. The conference was held on April 12th without Mr. Heller. This motion ensued.

## DISCUSSION

The Court is guided in its determination of this motion by provisions of the Federal Rules of Civil Procedure, and by its inherent power to regulate the prosecution of actions within its jurisdiction.

Rule 37(d) of the Federal Rules of Civil Procedure provides, in relevant part, that

[i]f a party ... fails (1) to appear before the officer who is to take his deposition ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Rule 16 of the Federal Rules of Civil Procedures provides, in relevant part, as follows:

if no appearance is made on behalf of a party at a scheduling or pretrial conference ... the judge, upon motion or [her] ... own initiative, may make such orders with regard thereto as are just, and

---

1. On April 4, 1985, Mr. Heller discontinued this action with prejudice insofar as it was brought *pro se*. Therefore, at the time of the conference, Mr. Heller was attorney-of-record for the sole remaining plaintiff, P.J. Yannitelli.

2. This was the fourth time that a date had been set on or before which Ms. Yannitelli's deposition was to occur. On all four occasions, the depositions did not go forward because she failed to appear.

among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing him or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees....

Rule 37(b)(2) of the Federal Rules of Civil Procedure, referred to in each of the above-quoted rules, provides that "the court in which the action is pending may make ... (C) [a]n order ... dismissing the action."

■ The Court recognizes that dismissal is the harshest of sanctions, to be used only in extreme cases of noncompliance. *See Foss v. Gerstein*, 58 F.R.D. 627, 630 (S.D. Fla.1973); *cf., Republic Productions, Inc. v. American Federation of Musicians*, 30 F.R.D. 159, 162 (S.D.N.Y.1962) ("drastic remedy"). I am now convinced, however, that this is an appropriate case for such a sanction.[3] In my order dated March 21, 1985, I gave the plaintiffs one last chance, but indicated that "[s]hould plaintiffs fail again to meet a scheduling or pretrial order, without just excuse, the action will be dismissed." Plaintiffs have exhausted their last chance. Indeed, their conduct throughout this action has been reprehensible.

Plaintiffs failed to attend their properly noticed depositions. Thereafter, on at least four occasions (one by the supervising magistrate) plaintiffs were directed to appear for their depositions on or before a certain date. On each occasion, plaintiffs failed to comply with this Court's order. Such repeated failure to abide by this Court's orders and to appear for depositions warrants the dismissal of plaintiff's remaining claims pursuant to Fed.R.Civ.P. 37(b)(2) and (d). *See Costa v. Borden, Inc.*, 16 Fed.R.Serv.2d 1337 (S.D.N.Y.1972) (plaintiff failed to appear for deposition for two and one-half years); *see also Atlantic Cape Fisheries v. Hartford Fire Ins. Co.*, 509 F.2d 577, 579 (1st Cir.1975) ("When finally dismissed, the case had been pending more than two years and had seen repeated postponements, court orders, and communications among counsel and with the court as appellant endeavored to arrange the deposition."); *Foss v. Gerstein*, 58 F.R.D. 627 (D.Fla.1973) (willful conduct on two occasions thwarting defendants' efforts to depose plaintiff); *Thorn v. Harrisburg Trust Co.*, 32 F.R.D. 352 (M.D.Pa. 1962), *aff'd*, 316 F.2d 237 (3rd Cir.1963) (willful failure of plaintiff to appear for deposition on two occasions).

■ Additionally, on four occasions, Mr. Heller as attorney for plaintiffs, failed to attend pretrial conferences scheduled by the Court.[4] The Court finds that Mr. Heller's repeated failure to attend these pretrial conferences also warrants the dismissal of plaintiff's remaining claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Wisdom v. Texas Co.*, 27 F.Supp. 992 (N.D. Ala.1939).

■ The Court further finds that, pursuant to Fed.R.Civ.P. 16, an award of costs and attorney's fees is appropriate for Mr. Heller's failure to appear at the April 12 pretrial conference. *See Yannitelli v. Navieras de Puerto Rico*, No. 82 Civ. 8574, slip op. at 6–7 (S.D.N.Y. March 21, 1985); *Del Aguila v. City of New York*, No. 84 Civ. 3402, slip op. (S.D.N.Y. October 24, 1984). Accordingly, Mr. Heller is to pay the defendants the sum of one hundred eighty dollars ($180) to cover reasonable attorney's fees for the two and one-quarter hours[5] defendants' attorney was forced to

---

**3.** On two earlier occasions, defendants moved for the same relief in this action. The Court was not, then, convinced that such a harsh sanction was in order. *See* 103 F.R.D. 413, 416; March 21, 1985 Order at pp. 5–6.

**4.** Twice he sent another attorney in his stead—a practice which I do not permit, as clearly delineated in my rules set out in the New York Law Journal. Twice he did not have the common courtesy to send a replacement or to even call to advise that he would not be there.

**5.** The conference was scheduled for 10:30 a.m., but was not held until 12:40 p.m. because the Court "kept hoping that Mr. Heller would appear somewhere along the line." (Tr. p. 2.)

waste as a result of Mr. Heller's failure to attend the scheduled conference, or to timely and properly obtain an adjournment thereof, plus the costs incurred by defendant in securing a transcript of that conference.

This action was removed to this Court nearly two and one-half years ago. Nonetheless, it is no more ready for trial today than it was at the time it was removed. Plaintiffs have wholly failed to pursue discovery of defendants and have frustrated nearly every attempt by defendants to obtain discovery of them. In short, plaintiffs have failed to prosecute this action with due diligence and have occasioned the waste of too much of the Court's scarce time and resources. *See Yacub v. Coughlin*, 105 F.R.D. 152, (S.D.N.Y.1985).

Accordingly, this action is DISMISSED with prejudice. The Court imposes this sanction on plaintiffs for failure to attend scheduled depositions, pursuant to Fed.R. Civ.P. 37(d); for noncompliance with several scheduling orders and for failure to appear at pretrial conferences, pursuant to Fed.R.Civ.P. 16; and for failure to prosecute the claims, pursuant to Fed.R.Civ.P. 41(b). Defendant shall submit a judgment for the Court's approval incorporating the awards granted against Mr. Heller.

SO ORDERED.