**In re AIR CRASH DISASTER AT DETROIT METROPOLITAN AIRPORT ON AUGUST 16, 1987.**

MDL No. 742.

United States District Court,
E.D. Michigan, S.D.

Oct. 31, 1989.

See also, D.C., 737 F.Supp. 396.

Charles Brewer, Phoenix, Ariz., Stanley Chesley, Cincinnati, Ohio, Lee Kreindler, New York City, Gerald Lear, Thomas Meehan, Washington, D.C., Richard Schaden, Birmingham, Mich., for plaintiffs' Steering Committee.

Carroll E. Dubuc, Laxalt, Washington, Perito and Dubuc, Washington, D.C., for defendant, Northwest Airlines.

John J. Hennelly, Bryan, Cave, McPheeters & McRoberts, Los Angeles, Cal., Donald E. Shely, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for defendant, McDonnell Douglas.

## ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

On September 29, 1989, the Defendant, McDonnell Douglas Corporation (MDC), moved this Court to compel the Defendant, Northwest Airlines, Inc. (Northwest), to produce trial exhibit number 2145 or, as an alternative, to preclude Northwest from proffering this document at trial. In addition, MDC seeks to recover its costs, including attorneys' fees, which it incurred in connection with this motion. For the following reasons, this Court determines that Northwest (1) may not proffer trial exhibit number 2145 at trial, and (2) must pay MDC's reasonable costs, including attorneys' fees, which were incurred as a result of its noncompliance with the Scheduling Orders of this Court.

I

On August 15, 1989, this Court, in response to a motion by Northwest, issued its First Amended Scheduling Order, which provided in part:

> The parties shall exchange (a) their exhibit lists and those exhibits that were not marked as exhibits during discovery on or before August 21, 1989, and (b) all

demonstrative exhibits on or before September 1, 1989. *In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987,* MDL No. 742, at 1 (E.D.Mich. Aug. 15, 1989).

Less than two weeks later (August 23, 1989), this Court, at the request of the parties, issued its Second Amended Scheduling Order, which, *inter alia,* required the parties to exchange all previously undesignated documents that were intended for use as trial exhibits on or before September 1, 1989. *In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987,* MDL No. 742, at 2 (E.D.Mich. Aug. 23, 1989).

■ MDC contends that the exhibit at issue, Northwest's trial exhibit number 2145, is a copy of the Air Traffic Control (ATC) tower tape which was made by and relied upon by Northwest's expert witness, Frank McDermott. MDC maintains, without contradiction, that Northwest did not produce trial exhibit 2145 on or prior to September 1, 1989. However, on September 12, 1989, Northwest represented that it would provide the parties with the exhibit at issue only if MDC had not previously obtained a copy from the Federal Aviation Administration (FAA). Nearly two weeks later, on September 25, 1989, Northwest informed MDC that it would not produce the ATC tower tape.

This Court finds the refusal of Northwest to produce the exhibit at issue to be a clear violation of its Scheduling Orders. Northwest's arguments to the contrary

simply miss the point. Northwest contends that the exhibit was not produced because it learned during the deposition of Raymond Davis on September 12, 1989 that MDC had already obtained a copy of the ATC tape from the FAA. Even if this information was correct—a point which is strongly contested by MDC—such an action of refusal does not excuse Northwest's obligation to produce the exhibit at issue.

■ The directive from this Court, which required the exchange of those trial exhibits that had not been marked as exhibits during the discovery period, was not contingent upon whether the parties had obtained a similar or identical exhibit.[1] It is absolutely clear that Northwest had an unfettered obligation to exchange all exhibits not so marked during discovery.[2] Interestingly, Northwest acknowledges that it did not learn of MDC's purported possession of the ATC tape until September 12, 1989— eleven (11) calendar days after the designated exchange date.

This Court finds the basis for Northwest's failure or refusal to comply with the August 23, 1989 Order, as it relates to proposed trial exhibit 2145, as being completely without substance or merit. Moreover, this Court finds it irrelevant to the general issue of the production of trial exhibits that MDC ostensibly possesses the ATC tape which had been compiled and prepared by the FAA.[3]

Northwest further maintains that the instant motion should be denied since MDC has failed to articulate any prejudice that will inure to its position at trial. This

---

1. This Court notes that the terms of the exhibit exchange requirement in the Scheduling Orders at issue essentially incorporated the language that was proposed by Northwest in its original Motion to Amend Scheduling Order (July 20, 1989). If Northwest desired to include a caveat to the exchange requirement, as suggested in its pleadings in opposition to MDC's motion, it had an ample opportunity to do so in its motion to amend the scheduling order. In any event, Northwest cannot be allowed to claim at this date that it did not understand the clear scope of the pretrial orders in question.

2. MDC correctly notes that while Northwest may attempt to defeat a motion to compel discovery on the basis that the movant possesses

the document in question, it may not use this as a basis for refusing to comply with a requirement to exchange trial exhibits. Northwest's claim that it need not produce trial exhibit 2145 because it is a "public document" fails for the same reasons.

3. Northwest's position also ignores MDC's contention, which is supported by McDermott's deposition testimony, *see* McDermott Dep. at 45–46 (May 12, 1989), that trial exhibit 2145 is an ATC which was prepared by McDermott and his son—not a FAA ATC. If the trial exhibit in question is a McDermott ATC, a copy of which MDC does not possess, Northwest's defenses to the instant motion become even less persuasive.

argument is misguided. MDC does not have the burden of establishing the prejudicial affect of Northwest's refusal to comply with a Scheduling Order of this Court. To the contrary, the burden is on the non-complying party to explain its failure to adhere to the clear terms of a pretrial order. This being the case, Northwest has not met its burden to explain its failure to produce trial exhibit 2145.

Therefore, for the foregoing reasons, this Court finds that Northwest's refusal to exchange trial exhibit 2145 constitutes a violation of the clear and unambiguous provisions of the Scheduling Orders which govern this litigation.

## II

Rule 16(f) of the Federal Rules of Civil Procedure provides, in part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of noncompliance with this rule, including attorney's fees, unless the judge finds that the non-compliance was substantially justified or that other circumstances make an award of expenses unjust.

*Fed.R.Civ.P.* 16(f). The sanction provision referred to in Rule 16(f), Federal Rule of Civil Procedure 37(b)(2)(B), grants the Court the authority to enter "[a]n order ... prohibiting that party from introducing designated matters in evidence."

In 1983, Rule 16 was amended to include subsection (f) in an attempt "to obviate dependence upon Rule 41(b) or the court's inherent power" to compel compliance with pretrial orders. *Fed.R.Civ.P.* 16(f) Advisory Committee's notes to the 1983 amendment. The Advisory Committee notes indicate that the "explicit reference [of Rule 16] to sanctions reenforces the rule's inten-tion to encourage forceful judicial management." *Id.*

This Court finds Northwest's refusal to produce trial exhibit 2145 to be inexcusable and in deliberate disregard of the clear import of the pretrial orders which govern this litigation. While a more harsh sanction may be warranted, this Court believes that it is most appropriate to grant the request of MDC to preclude Northwest from proffering trial exhibit 2145 at trial. To rule otherwise would be to (1) place MDC in the precarious position of receiving a trial exhibit on the eve of trial, approximately two months subsequent to the designated exhibit exchange date, and effectively depriving it from having sufficient time in which to review the exhibit and formulate and file any objections to its introduction at trial, (2) reward Northwest for acting in deliberate disregard of an Order of this Court, and (3) render judicial directives as nugatory and without legal efficacy.

Therefore, this Court grants MDC's motion and, in so doing, precludes Northwest from introducing trial exhibit 2145 at trial. *See Rabb v. Amatex Corp.*, 769 F.2d 996 (4th Cir.1985); *Smith v. Rowe*, 761 F.2d 360 (7th Cir.1985). In addition, as provided in Rule 16(f), this Court also orders Northwest to pay the reasonable expenses, including attorneys' fees, which were incurred by MDC as a result of prosecuting the instant motion. *See Yannitelli v. Navieras de Puerto Rico*, 106 F.R.D. 42 (S.D.N.Y.1985).

IT IS SO ORDERED.