**GOODSONS AND CO., INC., Plaintiff,**

v.

**NATIONAL AMERICAN CORP. and Ilona Gero, Defendants.**

**No. 76 Civ. 4596.**

United States District Court, S. D. New York.

June 5, 1978.

Lipsig, Sullivan, Mollen & Liapakis, New York City, for plaintiff.

Eaton, Van Winkle, Greenspoon & Grutman, New York City, for defendants.

## OPINION

GRIESA, District Judge.

Responsible compliance with discovery rules is essential to orderly civil litigation in the federal courts. Wilful disregard by counsel of their discovery obligations has harmful effects which extend beyond the frustration of justice in the particular lawsuits involved. Such wilful defaults also undermine the administration of justice generally, by subverting the efficiency of the judicial process and diminishing the respect it is accorded. Every wilful default makes it more difficult for orderly discovery to take place in subsequent · cases. Accordingly, the Supreme Court and other federal courts have recently grown more willing to enforce discovery procedures with strict sanctions, partially with an eye to the general deterrent effect that sanctions have on others who might contemplate abuses. *See, e. g., National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (dismissal of action for failure to respond fully to interrogatories); *Paine, Webber, Jackson & Curtis, Inc. v. Inmobiliaria Melia, Inc.*, 543 F.2d 3 (2d Cir. 1976), *cert. denied*, 430 U.S. 907, 97 S.Ct. 1178, 51 L.Ed.2d 583 (1977) (striking answer, dismissing counterclaims with prejudice, and awarding a default judgment against defendants for defaults in document production and failure to appear at deposition); Note, *The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions*, 91 Harv.L.Rev. 1033 (1978).

The present case is a fitting instance for implementing this new judicial resolve to enforce strictly the obligation of responsible compliance with the discovery rules.

At a conference with the Court in this action on April 14, 1978, held against a background of repeated resort by plaintiff to the Court in order to obtain any progress in discovery from defendants, the Court ordered that defendant Dr. Ilona Gero appear for a deposition no later than the first week in May. The Court directed the parties to file a formal stipulation setting a specific date during that week for the deposition to commence, and further directed that at the end of any incomplete session of the deposition, a specific date for its being reconvened be specified on the record. The Court ordered that no adjournments, except on consent, would be permitted without a specific order of the Court. A stipulation setting the deposition date as May 3, 1978 was filed and ordered into effect by the Court.

At a conference on May 3, 1978, convened at the behest of plaintiff, defendants' counsel conceded on the record that he had wilfully failed to comply with the Court's order of April 14. Minutes at 5. Without obtaining plaintiff's consent to an adjournment of the May 3 date, defendants' counsel simply left a telephone message for plaintiff's counsel on April 27 stating that the deposition could not be held during the week of May 1, because of a trial commitment of defendants' counsel, and suggesting it be held on May 10.

It emerged clearly at the conference that defendants' counsel failed to accord the Court's order regarding the Gero deposition its proper status as an obligation to be complied with strictly in the absence of any timely grant of relief by the Court. Rather, he sought to shift the risk of default to plaintiff's counsel by imposing on the latter an obligation to respond "reasonably" to a telephone message that the agreed-upon and Court-ordered deposition date was no longer convenient.

The Court stated, Minutes at 4–5—as indeed the Court had already made clear on April 14—that the long history of defendants' failures to cooperate in discovery justified a strict, formal adherence to the Court's discovery orders. The Court invited a motion for costs under Fed.R.Civ.P. 37(b)(2), and stated that at least the costs of holding the May 3 conference would be assessed against defendants. Minutes at 6. The Court added that "if there is a background which justifies the imposition of additional costs, I will be receptive to such a motion and will not hesitate to award costs and legal fees." *Id.*

Plaintiff has filed a motion seeking $900.00 in attorneys' fees, $375.00 for the May 3 default and the preparation of the present motion, and $525.00 [1] for earlier efforts to procure compliance by defendants with their discovery obligations, to wit, (1) preparation of a proposed Rule 37 motion and attendance at a conference with the Court in March 1977 as to defaults with respect to document production and the Gero deposition, (2) preparation of a letter to the Court in June 1977 as to defaults with respect to document production, (3) preparation of a letter to the Court in September 1977 as to defaults with respect to document production and the Gero deposition, (4) attendance at a conference with the Court in February 1978 as to defaults with respect to interrogatories and the Gero deposition, and (5) preparation of a letter to the Court in April 1978 as to defaults with respect to the Gero deposition.

On the subject of the May 3 default, the affidavit of defendants' counsel is simply a lengthy declamation on the unreasonableness of plaintiff's refusal to consent to an adjournment of the Gero deposition. Defendants' counsel continues to refuse to come to grips with his obligation to obey the Court's order that deposition dates, once fixed, be kept absent the consent of his adversary or an order of the Court relieving him of his obligation to do so. He persists in characterizing his default as "solely of a technical nature." Affidavit at 5. Plaintiff's counsel was under no obligation to consent to an adjournment, however reasonable or unreasonable his refusal to do so may have been. Defendants' counsel was warned by the Court in unequivocal terms on April 14 that no further discovery default would be tolerated in this case.

Defendants' counsel also makes no real effort to rebut plaintiff's showing as to the previous discovery defaults. Aside from pointing to minor factual errors in plaintiff's papers, he simply argues that there were ultimately meaningful document production and interrogatory answers, and cites the precarious health of Dr. Gero as a justification for her numerous failures to submit to a deposition.

The short answer to these arguments is that while they perhaps extenuate, they do not excuse. No protective order or other relief has ever been sought from the Court. Defaults are defaults. It is this clear lesson which defendants' counsel refuses to learn, despite repeated warnings and forgivenesses. The Court finds that defendants' failures to answer interrogatories, produce documents, and produce Dr. Gero for deposition were wilful and unexcused.

Plaintiff's motion for costs is entirely reasonable, and indeed conservative. Plaintiff has sought only the direct costs of appealing repeatedly to the Court for its assistance, and of bringing the present motion. Even these costs are not claimed in their entirety; for example, plaintiff has not included in its claim the costs of counsel's attending a conference on October 28, 1977 concerning defendants' defaults with respect to document production and the Gero deposition. Plaintiff has also not sought reimbursement of the costs of the unnecessary delays in this litigation, the unnecessary waste of its attorneys' time in preparing for and appearing at frustrated depositions, the unnecessary disruptions of its attorneys' schedules, the time and expense of efforts to resolve discovery failures without recourse to the Court, or secretarial and other non-legal expenses and costs. All of these unclaimed costs also resulted from defendants' many discovery defaults, including defaults not ultimately brought before the Court, such as defendants' filing of interrogatory answers on March 30, 1978, two weeks later than the Court specifically ordered at a conference on February 3, 1978.

Plaintiff's motion is granted in all respects. Costs are assessed against defendants in the amount of $900.00. *See Trans World Airlines, Inc. v. Hughes*, 515 F.2d

---

1. Plaintiff's motion papers contain a mathematical error in computing this amount as $618.75. This total is based on 4½ hours at $125.00 and ¾ hour at $75.00, while the accompanying schedule shows 3¾ hours at $125.00 and ¾ hour at $75.00.

173, 179 (2d Cir. 1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976).

So ordered.