P.J. YANNITELLI and Kenneth Heller, Plaintiffs,

v.

NAVIERAS DE PUERTO RICO, Puerto Rican Maritime Management and 650 Leasing Corp., Defendants.

No. 82 Civ. 8574 (SWK).

United States District Court, S.D. New York.

Nov. 9, 1984.

Kenneth Heller, New York City, pro se and for plaintiffs.

Walker & Corsa by Michael D. Wilson, Henry E. Billingsley, II, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before this Court on several motions. Defendants have moved that this Court enter a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, directing that the depositions of five employees noticed by plaintiffs not be taken. Defendants have also moved for dismissal with prejudice pursuant to Fed.R.Civ.P. 37, for plaintiffs' failure to appear for depositions. Plaintiffs have cross-moved for summary judgment, pursuant to Fed.R.Civ.P. 56. For the reasons stated below, defendants' motions are granted in part and plaintiffs' motion is denied.

## BACKGROUND

In this action, plaintiffs seek $67,000 for damage allegedly sustained by the sailboat PENELOPE while it was being transported by the defendants from Port Newark, New Jersey to San Juan, Puerto Rico. The sailboat is owned by plaintiff Yannitelli, and was to be delivered to plaintiff Heller, as consignee, in Puerto Rico pursuant to an agreement for carriage. Plaintiffs allege that the boat was delivered to defendants in good condition, but was damaged upon delivery in Puerto Rico, and seek to recover for such damages claiming that they resulted from defendants' negligence.

The action was originally commenced in New York State Supreme Court, New York County. Defendants removed the action to this Court pursuant to section 1441, Title 28 United States Code, on the basis of the complete diversity of citizenship between the parties. Discovery in this action has remained at a standstill since that time, while the parties engaged in extensive motion practice.

Plaintiffs moved to remand the action to state court, claiming that diversity of citizenship between the parties was lacking. Plaintiffs also noticed the depositions of three corporate officers of defendants in case information regarding the corporate whereabouts of the defendants was required. Defendants, in the meantime noticed the depositions of both plaintiffs.

Plaintiffs then moved to strike the notices of their depositions, claiming that the Court had no jurisdiction to proceed until

their motion to remand was decided and that, in any event, they had "priority" by virtue of the fact that they had noticed defendants' depositions first. Defendants agreed to hold plaintiffs' depositions in abeyance pending the decision on plaintiffs' remand motion on the condition that plaintiffs appear for those depositions within two weeks of the Court's decision on the remand motion, should it be denied. Accordingly, plaintiffs withdrew their otherwise frivolous motion to strike.

After extensive amounts of time, money, and paper were spent on the remand motion, it was denied. Since no further information about citizenship had been required, the depositions of defendants' officers were never taken. Still no discovery had proceeded.

The day after the remand motion was denied, plaintiffs mailed notices for five depositions of vaguely described employees of defendants.[1] The notices called for the appearance of these deponents on a date one week after mailing.[2] The depositions were adjourned by consent for one week, and defendants' motion for a protective order followed.

In the meantime, defendants attempted to arrange for the taking of plaintiffs' depositions. As discussed above those depositions had been duly noticed, and adjourned on consent to a date within two weeks of the disposition of the remand motion. After the remand motion was denied, defendants tried to schedule the depositions. The parties agreed upon a date nearly three

weeks after the disposition. On that date, however, plaintiffs failed to appear or to notify defendants that they would not appear. Defendants were required to pay a $40.00 fee to a stenographer for appearing. This motion to dismiss or direct attendance at a deposition on a date certain ensued.

In response to these motions, plaintiffs cross-moved for summary judgment. Plaintiffs' motion does not include a statement of the material facts not in dispute, as required by Local Rule 3(g). Furthermore, plaintiffs' memorandum of law is literally nothing more than a compendium of allegedly relevant annotations.

## DISCUSSION

■ Plaintiffs' potentially dispositive motion should be dealt with first. A motion for summary judgment should be granted if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law on those undisputed facts. Fed.R.Civ.P. 56(c). Plaintiffs have not provided the Court with a statement of the material facts as to which it contends there is no dispute.[3] Plaintiffs have submitted a narrative affidavit, however, averring that "[t]he sailboat was delivered in good condition to the defendants[ ].... When the sailboat arrived in Puerto Rico the lashing line holding it secure was gone and the sailboat had sustained a great deal of damage caused by rocking in and about in an unsteady position. Additional damage to the sailboat was caused by the defendants in negligent-

---

**1.** The five noticed deponents are as follows: 1) "the CLAIMS AGENT, a person named GUARDIOLA, a person with knowledge of the facts with regard to the loading and unloading of the yacht PENELOPE in New York and Puerto Rico ..."; 2) "JOHN DOE, an employee in charge of and with knowledge of the loading of the yacht PENELOPE in New York whose signature appears" on an annexed document; 3) "the STEVEDORE–SUPERINTENDENT in charge of their Puerto Rican operation, an employee with knowledge of the facts with regard to the unloading of the yacht PENELOPE in Puerto Rico ..."; 4) "the CHIEF OFFICER of the container vessel BAYAMON"; and, 5) "the STEVEDORE–SUPERINTENDENT in charge of their New York operation, an employee with knowledge of

the facts with regard to the unloading of the yacht PENELOPE in Puerto Rico...."

**2.** Defendants allege that they were served with these notices one day before the scheduled depositions. Affidavit of Michael D. Wilson in Support of Motion, ¶ 3. In either event, the Court does not think that the timing of the notices was "reasonable" as required by Fed.R.Civ.P. 30(b), since there was no special need for haste in this case. *See Lloyd v. Cessna Aircraft Co.,* 430 F.Supp. 25 (E.D.Tenn.1976).

**3.** This alone would be sufficient reason to deny plaintiffs' motion. *See Henkin v. Rockower Bros., Inc.,* 259 F.Supp. 202, 206 (S.D.N.Y.1966).

ly unloading the same." This is a far cry from what is necessary to establish plaintiffs' entitlement to summary judgment.

Moreover, plaintiffs have consistently acknowledged to this Court that no discovery has been had as yet, and that such discovery is necessary. For example, plaintiffs admit that they "have the burden and obligation to adduce evidence by discovery" and urge that their noticed depositions are "perhaps the sole device available to the plaintiffs to obtain evidence material necessary [sic] to the prosecution of this action." Affidavit of Kenneth Heller in Opposition to Motion to Vacate. Likewise, plaintiffs urge that defendants "were in the best position to explain how the sailboat was so extensively damaged...."[4] Affidavit of Kenneth Heller in Support of Motion for Summary Judgment, ¶ 6. Discovery is necessary and must commence at last. Accordingly, plaintiffs' motion for summary judgment is, at the very least, premature and must perforce be denied. *See Berne Street Enters., Inc. v. American Export Isbrandtsen Co.*, 289 F.Supp. 195, 196–97 (S.D.N.Y.1968).

■ Defendants' potentially dispositive motion should be dealt with next. Defendants duly noticed the depositions of the plaintiffs. The notices served seem proper on their face, and plaintiffs have raised no legitimate objection to submitting to such depositions.[5]

Rule 37(d) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

If a party ... fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice

... the court in which the action is pending on motion may make such orders in regard to the failure as are just .... In lieu of any order or in addition thereto, the court *shall* require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorneys fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust

(emphasis added).

■ As discussed above, plaintiffs agreed to appear at a set time and place and simply failed to appear with no prior notification to defendants. The Court finds plaintiffs' conduct in this regard to be totally unjustified. Accordingly, sanctions are in order. Pursuant to Rule 37 (subsections (b)(2)(C) and (d)), defendants have asked that plaintiffs' complaint be dismissed with prejudice. While the Court would be justified in doing this, *see Roerich v. Esquire Coronet, Inc.*, 1 F.R.D. 692 (S.D.N.Y.1941), the Court feels that this is too harsh a sanction at this time. *See Republic Prods., Inc. v. American Fed'n of Musicians*, 30 F.R.D. 159, 162 (S.D.N.Y.1962). The Court, therefore, hereby orders that plaintiffs appear for depositions on a date to be agreed upon with defendants, but in no event later than thirty days from the date of this Order. Additionally, plaintiffs are to pay to defendants the reasonable expenses caused by their failure to attend the deposition. *See Goodsons and Co., Inc. v. National American Corp.*, 78 F.R.D. 721 (S.D.N.Y. 1978). Defendants shall submit a bill of costs for this Court's approval detailing such expenses.[6]

---

**4.** Paragraph 6 of Mr. Heller's Affidavit notes at least three things that defendants "either can or should be able to explain," but presumably have not because discovery has not proceeded.

**5.** Plaintiffs' only objection was that defendants refused to attend their own depositions (discussed in note 1); though this was entirely proper in light of defendants' motion for a protective order. Plaintiffs never filed a similar motion (which would have been frivolous) to justify their own failure to appear. *See* Fed.R.Civ.P. 37(d) ("The failure to act described in this subdi-

vision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)").

**6.** The Bill of costs shall include the following elements: $40.00 for the appearance of a court reporter; attorney's fee for the time spent at the aborted deposition and for the time spent preparing this motion; and costs of preparing this motion.

Finally, defendants have moved for a protective order regarding the depositions noticed by plaintiffs. While the Court feels that discovery should proceed apace, it does not believe that it should proceed in a wanton manner. Plaintiffs noticed five depositions—at least two of the deponents being from Puerto Rico. The expenses of complying with such a request would appear disproportionate to the size of the claim involved in this case. Accordingly, defendants' motion for a protective order is granted insofar as plaintiffs are directed to depose the witnesses who are currently in this area first. If, after taking those depositions, plaintiffs still desire the deposition of the witnesses from Puerto Rico, they shall be permitted to do so provided they pay the reasonable expenses incurred by defendants in having those witnesses appear in New York for deposition. *See Moore v. George A. Hormel & Co.*, 4 F.R.D. 15 (S.D.N.Y.1942).

In sum, plaintiffs' motion for summary judgment is DENIED; defendants' motion for sanctions is GRANTED but only insofar as plaintiffs shall bear the costs incurred by defendants as a result of plaintiffs' failure to attend their depositions; and defendants' motion for a protective order is GRANTED but only insofar as plaintiffs shall bear the cost of deposing in New York those witnesses who work or reside in Puerto Rico—should those depositions be deemed necessary to plaintiff after conducting the depositions of defendants' local employees knowledgeable about the facts of this case.

SO ORDERED.