Shirley **KERSHNER**, Anthony Kershner, and Daniel Kershner, Plaintiffs,

v.

**BELOIT CORPORATION** and Black Clawson Company, Inc., Defendants,

v.

**SCOTT PAPER COMPANY**, Counterclaim Defendant.

Civ. No. 82–0303 P.

United States District Court, D. Maine.

June 24, 1985.

Edward T. Dangel, III, Frank L. McElroy, Dangel & Sherry, Boston, Mass., Mau-

rice A. Libner, Brunswick, Me., for plaintiffs.

John P. Erler, Gerald F. Petruccelli, Petruccelli, Cohen, Erler & Cox, Ellen A. Gorman, Richard J. Kelly, Richardson, Tyler & Troubh, Portland, Me., Vernon I. Arey, Waterville, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION TO ENFORCE DISCOVERY CUT-OFF AND TO QUASH DEFENDANT BELOIT'S REQUESTS FOR ADMISSIONS

GENE CARTER, District Judge.

The Plaintiffs filed the pending motion on June 3, 1985, to quash two sets of Requests for Admissions of Fact, filed by Defendant Beloit on April 30, 1985. The Court had previously set a discovery cut-off date of April 1, 1985. The motion is decided, with the agreement of counsel, on the written submissions and the arguments of counsel made at the final pretrial conference. Report of Final Pretrial Conference and Order, at 4.

█ Plaintiffs object to Beloit's requests for admissions as to fifty-five items of fact because they were served after the deadline for completion of discovery had passed. To this Beloit responds that such requests "are not discovery included within the deadline established by this Court." Beloit's Motion in Opposition to Plaintiffs' Motion to Quash, at 2. It founds this position on no cited precedent, but upon the unique purposes served in the discovery process by requests for admissions. These purposes do not, however, change the characterization of such requests as a discovery device. Rule 36, which authorizes their use, is part of that division of the Rules entitled "Depositions and Discovery;" and are clearly contemplated by the framers of the Rules to be a constituent part of the discovery process. Thus, any general deadline for completion of discovery facially applies to requests for admissions. The proper course for Beloit to have followed when it sought to utilize this device after the April 1, 1985, discovery cut-off date, was to file a motion seeking an enlargement of the deadline for that specific purpose. Failure to do so leaves Beloit exposed, as here, to objection for untimeliness.

█ Such objection need not be fatal, however, considering the absence of any prejudice to the objecting party and the unique and generally beneficent effect of such admissions of fact in isolating the actually disputed factual issues for trial and in accomplishing significant judicial economy in the trial phases of the case. *See* 8 C. Wright and A. Miller, *Federal Practice and Procedure;* Civil § 2253, at 706. The principal use of admissions of fact is to serve the purpose of expediting the trial and to relieve the parties of the burdens and expense of proving at trial facts which are undisputed. *Id.* at 705. The achievement of such purposes serves the interests of the Court, the parties, and the public in the administration of justice. For this reason, Rule 36 is to be liberally construed in its application. *Walsh v. Connecticut Mut. Life Ins. Co.,* 26 F.Supp., 566 (D.C.N.Y.1939).

█ The Court's review of the content of the requested admissions, in the context of its present, rather detailed knowledge of the factual aspects of this case, yields the indisputable conclusion that a response to the request is highly likely to save the parties time and expense and to benefit the Court by avoidance of unduly prolonging the trial for no significant purpose. Plaintiffs have made no showing of actual prejudice should they be required to respond to these requests. Indeed, Plaintiffs waited for thirty-five days before filing their motion to quash the request, after notice of the final pretrial conference of June 6, 1985, had been mailed. The motion was filed only three days before the conference.

In such circumstances there is every good reason, in the interests of the parties and of the Court, for requiring Plaintiffs to respond to these requests despite Beloit's technical failure to seek an enlargement of the discovery deadline. There is no reason,

other than a motivation to rigidly enforce the technical requirements of the procedural rules, not to require the Plaintiffs to respond to these requests. Here that motivation would produce only a result counterproductive to the interests of the parties and the interests of judicial economy.

Accordingly, it is hereby ORDERED that the Plaintiffs' Motion to Enforce the Court's February 1, 1985, Discovery Cut-Off Order and to Quash Defendant Beloit Corporation's Request for Admissions be, and is hereby DENIED, and that the Plaintiffs respond to Beloit's first and second requests for admissions of fact on or before July 4, 1985.

So ORDERED.