Anthony R. BIEGANEK and Marie B. Bieganek, Plaintiffs,

v.

Gary P. WILSON, et al., Defendants.

No. 84 C 10899.

United States District Court, N.D. Illinois, E.D.

March 28, 1986.

Louis R. Hegeman, Kathryn S. Mueller, Jay D. Stein, Gould & Ratner, Chicago, Ill., for plaintiffs.

Gary A. Sultz, James E. Beckley & Associates, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

JOAN HUMPHREY LEFKOW, United States Magistrate.

This matter is pending on yet another motion of plaintiffs for sanctions, in this instance for a "baseless and frivolous response to Plaintiffs' Request to Admit."

On February 5, 1986, plaintiffs mailed to defendants a request to admit under Rule 36 of the Federal Rules of Civil Procedure. Defendants declined to respond to the request to admit, contending that they did not receive it until after discovery had closed. Discovery closed on February 5, 1986.

Plaintiffs contended that their request was timely because it was served by February 5, the closing date, relying on Rule 5(b) which provides that "Service by mail is complete upon mailing." In response, defendants cited Rule 5.00 of the General Rules of this court and the "Standing Order Establishing Pretrial Procedure" adopted pursuant thereto, paragraph 3 which provides,

> Except to the extent specified by the Court on motion of either party, discovery must be *completed* before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order.

Shifting position slightly, plaintiffs have countered that requests to admit are not discovery and therefore need not be propounded or answered before the close of discovery. They cite cases such as *McLaughlin v. Drackett Products, Inc.*, 20 Fed.R.Serv.2d 1081 (D.Mass 1975); *Commonwealth of Pennsylvania v. O'Neill*, 25 Fed.R.Serv.2d 1064 (E.D.Pa.1977); *In Re: Carousel Candy Company*, 38 B.R. 927 (Bk.Ct., E.D.N.Y.1984), which allowed requests to admit to be answered after the close the close of discovery. Defendants, on the other hand, cite Rule 26 of the Federal Rules of Civil Procedure which provides that "parties may obtain discovery of one or more of the following methods: ... requests for admission," as evidence that requests to admit are discovery.

The authorities plaintiffs cite do indicate that requests to admit are intended to narrow and define issues more than to discover facts, and, therefore, plaintiffs' argument is somewhat persuasive. Nevertheless, the court concludes that in light of the language of Rule 26 cited above, as well as the Standing Order of this court, and until this court decides to propound a rule specifically dealing with requests to admit, requests to admit should be treated as discovery for purposes of the closing date.

78

Otherwise, they are afloat in the pretrial process, a situation which seems to be at odds with the purpose of the Standing Order. Once discovery is closed, the pretrial order normally follows within a short time thereafter (often 30 days). Under Rule 37, dealing with failure to make or cooperate in discovery and sanctions, expenses on failure to admit are included. Rule 37(c) motions to enforce requests to admit would require the court's attention even though discovery is closed, the pretrial order is filed, and the case is ostensibly ready for trial. It is inconsistent with customary pretrial procedure to permit further activity of this sort.

Although there is no "open and shut" answer to the question posed, the motion for sanctions will be denied.

Under Rule 72(a), Fed.R.Civ.P., objections to this order must be filed with the district judge within ten days after its entry. Failure to object will constitute a waiver of objections on appeal.