**CENTRAL MAINE POWER COMPANY, et al., Plaintiffs,**

v.

**FOSTER WHEELER CORPORATION, et al., Defendants.**

**Civ. No. 83–0056 P.**

United States District Court, D. Maine.

April 6, 1987.

See also, D.C., 115 F.R.D. 295.

Jotham D. Pierce, Jr., Portland, Me., for plaintiff Central Maine Power.

James D. Poliquin, Portland, Me., F. Timothy McNamara, Hartford, Conn., for plaintiff Hartford Steam.

Philip D. Buckley, Bangor, Me., Norman D. Alvy, Eugene Schaffel, New York City, for defendant Foster Wheeler.

Harrison L. Richardson, James A. McCormack, Portland, Me., for third party defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Plaintiff Central Maine Power Company (CMP) has filed a motion for a protective order in response to a request for admissions served upon it by Defendant Foster Wheeler Corporation. Foster Wheeler's request was made on January 19, 1987, more than two weeks after the January 2, 1987 discovery deadline set by this Court.

In *Kershner v. Beloit Corp.*, 106 F.R.D. 498 (D.Me.1985), the Court required a party to respond to a request for admissions despite the fact that it had been filed nearly a month after the discovery cutoff date. The Court noted at that time the "generally beneficent effect of such admissions of fact in isolating the actually disputed factual issues for trial and in accomplishing significant judicial economy in the trial phases of the case." *Id.* at 499. It noted that "a response to the request is highly likely to save the parties time and expense and to benefit the Court by avoidance of unduly prolonging the trial for no significant pur-

pose." *Id.* The Court emphasized in *Kershner* that the plaintiffs had made no showing that they would suffer actual prejudice if they were required to respond to the request.

Despite certain similarities, the Court concludes that the facts presented in this case require a different result from the one reached in *Kershner*. The Court has reviewed the content of the requested admissions, and finds that few of the twenty-two questions propounded are capable of a simple answer and that requiring CMP to respond would impose upon it a burdensome and time-consuming task. Given the late date and the necessity to complete other aspects of final trial preparation, the Court concludes that CMP would likely suffer prejudice if a response were required. Furthermore, the Court finds that unlike the requested admissions presented in *Kershner*, a response to these admissions would be unlikely to significantly narrow the range of disputed factual issues.

Accordingly, it is ORDERED that Plaintiff Central Maine Power Company's Motion for a Protective Order be, and it is hereby, GRANTED, and that Defendant Foster Wheeler Corporation's Motion to Extend Discovery Deadline be, and it is hereby, DENIED.