**JOSEPH L., Plaintiff,**

v.

**CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES**

and

**Darlene Dunbar, in her official capacity as Commissioner of the Connecticut Department of Children and Families, Defendants.**

**No. 3:03CV1745 (CFD)(TPS).**

United States District Court, D. Connecticut.

Jan. 13, 2005.

Catherine A. Holahan, Connecticut Legal Services, Inc., Stamford, CT, for Plaintiff.

John Essex Tucker, Attorney General's Office, Hartford, CT, for Defendants.

## RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

SMITH, United States Magistrate Judge.

The plaintiff, Joseph L., commenced this action against the defendants, The Connecticut Department of Children and Families ("DCF") and Darlene Dunbar, in her official capacity as Commissioner of the Connecticut Department of Children and Families, alleging failure to provide adequate housing, food, and clothing while he was in the DCF's care, and failure to provide the plaintiff, and other individuals similarly situated, notice and op-

portunity for a hearing to challenge the DCF's actions. Pending before the court is the defendants' Motion for a Protective Order regarding the plaintiff's 163 requests for admissions. (**Dkt.# 39**). For the reasons set forth below, the defendants' motion is **GRANTED.**

### A.

The plaintiff is a young adult who was committed to the DCF for a portion of his childhood in accordance with section 46b–129 of the Connecticut General Statutes due to emotional problems and mild mental retardation. His commitment expired on November 1, 2001, his eighteenth birthday. After turning eighteen, the DCF provided, and continues to provide, on a voluntary basis, services to assist the plaintiff's transition to independent living. Upon the plaintiff's twenty-first birthday "he will become the responsibility of the Department of Mental Retardation." (Compl.¶ 18).

On or about March 27, 2003, the plaintiff was staying at the YMCA building in Willimantic that was located in a neighborhood filled with crime and prostitution. In a letter dated March 27, 2003, counsel for Joseph L., Attorney Douglas Crockett, objected to this placement and requested a treatment plan hearing. The hearing officer denied the request, holding that the relief requested by the plaintiff (placement in a motel) was "not within the range available for treatment plan hearings. It would be different if [plaintiff] was requesting to be placed at a different shelter or other approved facility." (*Id.*, Attach. 6). Soon thereafter, the plaintiff was placed at Reliance House, which all parties agreed is an appropriate placement for him. The plaintiff's claims therefore center on his interim living situation and the alleged denial of a treatment plan hearing to challenge that living situation prior to his agreed upon placement at Reliance House.

The plaintiff filed the present action on October 10, 2003. The defendants filed a motion to dismiss for lack of subject matter jurisdiction on November 10, 2003, and the plaintiff moved for a class certification on December 9, 2003. On April 15, 2004, the court denied both motions without prejudice. On June 4, 2004, the court issued a modified scheduling order which provides in relevant part:

> The following will control the pretrial proceedings in this case until further order of the Court: Discovery will be completed by October 8, 2004. Dispositive motions, if any, will be filed by November 8, 2004 and if no dispositive motions are filed, the parties shall file their joint trial memorandum by November 22, 2004. This case shall be trial ready December, 2004 .... No further extensions shall be granted.

(Dkt.# 34) (emphasis omitted).[1] On October 7, 2004, the penultimate day before the court-ordered deadline for the completion of discovery, the plaintiff served upon the defendants 163 requests for admission. It is these requests for admission that are the subject of the pending motion.

### B.

Rule 16(b) of the Federal Rules of Civil Procedure provides that "the district judge, or a magistrate judge when authorized by district court rule, shall[ ] ... enter a scheduling order that limits the time ... to complete discovery." Fed.R.Civ.P. 16(b)(3). Such scheduling orders "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed.R.Civ.P. 16(b). *See also Grochowski v. Phoenix Constr. et al.*, 318 F.3d 80, 86 (2d Cir.2003).

Because the liberality of pretrial discovery has a significant potential for abuse, courts may issue protective orders which restrict permissible discovery if it would unduly annoy or burden the other party. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Rule 26 of the Federal Rules of Civil Procedure provides in relevant part:

> [u]pon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to

---

**1.** "Completed" is defined as: "Finished; nothing substantial remaining to be done." *Black's Law Dictionary* 196 (6th ed. abr.1991).

confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had ... [or] that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place ....

Fed.R.Civ.P. 26(c). A court is given broad discretion regarding whether to issue a protective order. *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992) (grant and nature of protection is singularly within the district court's discretion); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir.1992) (order regarding sequence of discovery at discretion of trial judge).

■■■ That said, a court may issue a protective order only after the moving party demonstrates good cause. *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir.1987). To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal)*, No. 94 Civ. 1402, 1995 WL 234710, at *10, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)).

### C.

■■ The defendants argue that "[t]he plaintiff's 163 requests for admission are in violation of the letter and the spirit of this Court's order" because "[t]his massive discovery request requires a response within thirty days ... approximately one month after the expiration of the court-ordered deadline for discovery." (Defs.' Mem. Supp. Mot., 10/15/04, at 2–3). The plaintiff counters that requests for admission are not discovery devices and therefore need not be propounded or answered before the close of discovery. (Pl.'s Obj. Defs.' Mot., 10/29/04, at 2–3). The plaintiff cites Second Circuit cases such as *Diederich v. Dep't of the Army*, 132 F.R.D. 614 (S.D.N.Y.1990); *Vermont v.*

*Staco, Inc.*, 684 F.Supp. 822 (D.Vt.1988); *In re Carousel Candy Co.*, 38 B.R. 927 (Bankr. E.D.N.Y.1984), which stipulate that requests for admission under Rule 36 of the Federal Rules of Civil Procedure are not discovery devices *per se*, in that their purpose is to narrow and define issues for trial rather than obtain new information. While the plaintiff's argument is not entirely without merit, the court concludes that in light of the language of Rule 26, which provides that "[p]arties may obtain discovery by one or more of the following methods: ... requests for admission[,]" Fed.R.Civ.P. 26(a)(5), as well as the scheduling order of this court, and also taking into account the plaintiff's failure to move the court for additional time in which to serve, and have the defendants respond to, the aforementioned requests for admission, requests for admission should be treated as discovery devices for the purposes of the scheduling order. *See Coram Health Care Corp. of Ill. v. MCI Worldcom Communications, Inc.*, No. 01–C1096, 2001 U.S. Dist. LEXIS 18909, 2001 WL 1467681, at *3 (N.D.Ill.2001) (holding that a request for admission is a tool of discovery subject to discovery cutoff dates); *Revlon Consumer Prods. Corp. v. Estee Lauder Co., Inc.*, No. 00–C5960, 2001 U.S. Dist. LEXIS 6616, 2001 WL 521832, at *1 (S.D.N.Y.2001) (holding that requests for admissions are subject to discovery cutoff dates); *Toone v. Federal Express Corp.*, No. 96–C2450, 1997 U.S. Dist. LEXIS 11637, 1997 WL 446257, at *8 (D.D.C.1997) (denying motion to compel responses to request for admissions because request was served on the date for completion of discovery); *Jarvis v. Wal–Mart Stores, Inc.*, 161 F.R.D. 337, 339 (N.D.Miss. 1995) (treating "requests for admission as a discovery device for purposes of establishing a deadline for service upon the other party"); *Kershner v. Beloit Corp.*, 106 F.R.D. 498, 499 (D.Me.1985) (holding that "any general deadline for completion of discovery facially applies to requests for admissions"); *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 758, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002) (noting that requests for admission are a discovery device under the Federal Rules of Civil Procedure); *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604, 639 n. 13, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (concurring

opinion) (defendant "can use relatively inexpensive methods of discovery, such as ... requests for admission[.]"); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.,* 325 F.3d 903, 905 (7th Cir.2003) (characterizing requests for admission as discovery); *DP Aviation v. Smiths Indus.,* 268 F.3d 829, 842 (9th Cir.2001) (same).

In *Gluck v. Ansett Austl. Ltd.,* 204 F.R.D. 217 (D.D.C.2001), the District Court for the District of Columbia was faced with a nearly identical situation. There, the plaintiff served the defendant with requests for admission just days before the discovery deadline. In upholding the magistrate judge's order granting a protective order, the district court summarized the split of authority on this issue and the rationale for its decision:

> The assertion that requests for admissions may not be, technically speaking, tools of discovery has led to a split of authority as to whether requests for admission should be subject to discovery cutoff dates. Some courts have held that requests for admission are not subject to discovery cutoff dates because, theoretically, a requesting party is not seeking to discover anything.
>
> A substantial number of other courts, however, have treated requests for admissions as being subject to discovery cutoff dates.
>
> The text, structure and purpose of the federal rules and the scheduling order in this case suggest that service of plaintiff's requests for discovery was subject to the discovery deadline. Rule 26(a)(5) explicitly lists requests for admissions as a means of obtaining discovery. Moreover, the drafters of the Federal Rules of Civil Procedure included Rule 36 in the chapter of the rules governing depositions and discovery. Since the rules were designed to provide for fair and speedy resolutions of disputes, it is fair to conclude that the framers of the rules intended that requests for admissions be subject to the rules applicable to other

discovery tools, including Rule 16(b)(3) under which discovery deadlines are fixed in scheduling orders.

*Gluck,* 204 F.R.D. at 219 (citations omitted). The undersigned agrees with this rationale. To hold otherwise would be to leave requests for admission "afloat in the pretrial process, a situation which seems to be at odds with the purpose of the [scheduling] order." *Bieganek v. Wilson,* 110 F.R.D. 77, 78 (N.D.Ill. 1986).[2]

### D.

■ In keeping with Rule 26(c), the defendants argue that good cause exists to grant a protective order because "the requests for admission are vexatious, oppressive and overly burdensome." (Defs.' Mem. Supp. Mot., 10/15/04, at 4). In support of their argument, the defendants point out that some of the 163 requests for admission have up to ten sub-parts, and "are wide-ranging, from accounting procedures, computer entry procedures, procedures for handling SSI benefits, specific admissions relating to Joseph's situation, procedures relating to food vouchers, etc." (*Id.*). Given that the plaintiff's claim focuses on the alleged denial of a treatment plan hearing to challenge his interim living situation prior to his agreed upon placement at Reliance House, the court agrees that relatively few of these requests for admission are even relevant and finds them excessive to the point of being abusive. Good cause therefore exists for a protective order.

For the foregoing reasons, the defendants' motion is **GRANTED.** This is not a "recommended ruling." It is a discovery ruling which is subject to review by a trial judge in accordance with the "clearly erroneous" or "contrary to law" statutory standards. Fed. R.Civ.P. 72(a).

**IT IS SO ORDERED.**

---

2. The district court went on to note that

> [o]nce discovery is closed, the pretrial order normally follows within a short time thereafter (often 30 days). Under Rule 37, dealing with failure to make or cooperate in discovery and sanctions, expenses on failure to admit are included. Rule 37(c) motions to enforce re-

quests to admit would require the court's attention even though discovery is closed, the pretrial order is filed, and the case is ostensibly ready for trial. It is inconsistent with customary pretrial procedure to permit further activity of this sort.

*Bieganek,* 110 F.R.D. at 78.