Alina TAMAS, individually and on behalf of all others similarly situated, Plaintiffs,

v.

FAMILY VIDEO MOVIE CLUB, INC., Defendant.

No. 11 C 1024

United States District Court, N.D. Illinois, Eastern Division.

Signed July 22, 2014

Andrew Dunlap, Joseph Carter Melugin, Michael A. Josephson, Fibich Hampton Leebron Briggs Josephson, Houston, TX, Douglas M. Werman, Maureen Ann Salas, Sarah Jean Arendt, David Erik Stevens, Werman Salas P.C., Chicago, IL, for Plaintiffs.

Joel Christopher Griswold, John Conlaeth McIlwee, Melissa Anne Siebert, Baker & Hostetler, LLP, Chicago, IL, for Defendant.

## ORDER

Mary M. Rowland, Magistrate Judge

Plaintiff's Motion for Protective Order [230] is **GRANTED**.

## STATEMENT

On April 15, 2014, Defendant propounded 460 requests for admissions, along with related interrogatories, to each of 64 discovery opt-in Plaintiffs. The requests seek information on the discovery opt-in Plaintiffs job duties, responsibilities, and authority. Plaintiffs object to the requests, arguing that "Defendant's staggering 29,440 requests for

admission (460 requests * 64 discovery plaintiffs) ... seek admissions regarding matters that cannot be readily admitted or are otherwise clearly contested." (Mot. 4). Plaintiffs also assert that the discovery "imposes a crushing and unnecessary burden on the opt-in Plaintiffs subject to discovery and their counsel." (*Id.* 3). Defendant contends that the requests for admission "go [to] the very heart of this case: the duties that each member of the proposed class actually performed." (*Id.* 12) (citation omitted).

Rule 36 is not a discovery procedure; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir. 1987); *see* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2253, at 324 (3d ed. 2010) ("Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness."); 7 Moore's Federal Practice § 36.02[2] (3d ed. 2000) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should not be used as a method of discovery for those purposes."); *accord Stallings–Daniel v. N. Trust Co.,* No. 01 C 2290, 2002 WL 424629, at *1 (N.D.Ill.2002) ("Rule 36 is not a discovery device, but rather a procedure for obtaining admissions for the record of facts already known by the seeker.").

■■■ "Requests to admit should not be excessive in number and, obviously, should be tailored in a manner and scope to avoid harassment and improper motive." *Robinson v. Stanley,* 06 C 5158, 2009 WL 3233909, at *2 (N.D.Ill. Oct. 8, 2009); *see also Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.,* 262 F.Supp.2d 923, 927 (N.D.Ill. 2003) ("When the purpose of the discovery is to obtain information for reasons other than the prosecution or defense of the lawsuit, unless vital information is at stake, discovery will be denied in its entirety."). "Under Rule 36, requests for admission should be simple and direct so that they can be readily admitted or denied." *Climco Coils Co. v. Siemens Energy & Automation, Inc.,* 04 C 50342, 2006 WL 850969, at *1 (N.D.Ill. Mar. 28, 2006) (footnote omitted). "Properly used, requests to admit serve the expedient purpose of eliminating the necessity of proving essentially undisputed issues of fact. They are intended to save time and expense by narrowing the issues to be tried." *Robinson,* 2009 WL 3233909, at *2. "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." *United Coal Co. v. Powell Constr. Co.,* 839 F.2d 958, 968 (3d Cir.1988) (citation omitted). Courts "routinely disallow requests for admission that run into the hundreds on the grounds that they are abusive, unreasonable, and oppressive." *Robinson,* 2009 WL 3233909, at *2.

■■■ These basic principles persuade the Court that the discovery opt-in Plaintiffs should be excused from answering the requests to admit and associated interrogatories. First, the requests cannot "be readily admitted or denied." *See Climco Coils,* 2006 WL 850969, at *1. Instead, to the extent that the requests are capable of an answer, the opt-in Plaintiffs would likely need to qualify each answer with detail. *See United Coal,* 839 F.2d at 968 (requests to admit should be capable of being admitted or denied without explanation). Defendant's decision to incorporate all 460 requests into its interrogatory numbers 4 through 13 confirms that Defendant knows its requests are not readily admitted or denied and suggests that Defendant is using the requests to circumvent the number of interrogatories allowed by Rule 33. *See Phillips Petroleum Co. v. N. Petrochemical Co.,* No. 84 C 2028, 1986 WL 9186, at *1 (N.D.Ill. Aug. 19, 1986) (finding that plaintiff's 437 requests requiring over 2100 answers was an abuse of the discovery process and an attempt to circumvent the interrogatory limit). Nor are the requests designed to identify and eliminate those matters on which the parties agree. *See Kasuboski,* 834 F.2d at 1350. On the contrary and as Defendant readily acknowledges, the requests seek information related to the fundamental disagreement of this lawsuit—whether the opt-in Plaintiffs were engaged in exempt work activity. (*See* Mot. 12). Finally, the Court finds that the 29,440

requests—or the 14,720 requests after Defendant's offer to reduce the requests to 230 per discovery opt-in Plaintiff—and the associated interrogatories are unduly burdensome on the responding Plaintiffs and their counsel. *See Joseph L. v. Conn. Dep't of Children & Families,* 225 F.R.D. 400, 403 (D.Conn.2005) (finding that 163 requests for admissions, with each having up to 10 subparts, were excessive and abusive); *Misco, Inc. v. U.S. Steel Corp.,* 784 F.2d 198, 206 (6th Cir.1986) (finding that 2,028 requests for admissions were "both an abuse of the discovery process and an improper attempt to circumvent the local district rule which limited the number of interrogatories"). Given that the requests are not readily admitted or denied, the time spent on answering the requests by Plaintiffs and their counsel would be abusive, unreasonable, and oppressive. *See Robinson,* 2009 WL 3233909, at *2–3 (excusing defendants from responding to plaintiff's 90 interrogatories and "voluminous" requests to admit).

Plaintiffs are excused from responding to the requests for admit and the corresponding interrogatory numbers 4 through 13.