Filed 04/01/26

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-04901

| **Seedway LLC v. Northeast Agricultural Sales, Inc** |

## ORDER ON PRETRIAL MOTIONS

This case has been set for jury draw on April 1 and trial on April 30 and May 1. Currently pending before the court are the following pretrial motions:

- Northeast's renewed motion for a protective order (Motion 23);

- Seedway's motion to deem requests for admission as admitted (Motion 24);

- Northeast's motion in limine to strike portions of the second amended complaint (Motion 25);

- Seedway's motion in limine re: one-year limit in warranty (Motion 26);

- Seedway's motion in limine re: arbitration provision (Motion 27);

- Northeast's motion in limine re: evidence not produced in discovery (Motion 28);

- Seedway's motion to strike Northeast's oppositions (Motion 29);

- Northeast's motion to extend deadline to file oppositions (Motions 30 and 31).

At the outset, the court grants Northeast's request for a two-day extension to file its oppositions to Seedway's motions in limine. The motion to strike is accordingly moot. The remaining motions are addressed below.

### Analysis

### 1. Motions related to the requests for admission

Northeast seeks a protective order regarding defendants' requests for admisison, which were served after the close of discovery. Seedway opposes the motion and seeks to have the requests deemed admitted because of Northeast's failure to respond. The crux of the dispute is that Seedway served the requests for admission after discovery closed in this case but did not seek and was not granted an extension to reopen discovery at the December 10, 2025 hearing or in the in the court's scheduling order issued the same day. Seedway responds that requests for admission are a trial preparation device not a discovery device and, accordingly, that its requests were not subject to the court's discovery orders. Neither party has provided the court with a copy of the requests themselves.

1

The Vermont Supreme Court does not appear to have addressed whether requests for admission should be treated as a discovery device for the purpose of a discovery deadline. The federal courts have split on the issue, but a "substantial number" of courts "have treated requests for admission as being subject to discovery cutoff dates" because to "hold otherwise would leave requests for admission afloat in the pretrial process, a situation which seems to be at odds with the purpose of the scheduling order." *Joseph L. v. Connecticut Dep't of Child. & Fams.*, 225 F.R.D. 400, 403 (D. Conn. 2005) (quotations omitted); *see also* V.R.C.P. 26(a) ("Parties may obtain discovery by . . . requests for admission."). This result is particularly appropriate in this case given that Seedway had the opportunity at the December 10 hearing to raise the issue with the court and opposing counsel but declined to do so. Seedway provides no explanation for this failure. The court accordingly denies Seedway's motion to have the requests deem admitted. Northeast's motion for a protective order is thus moot.

The parties are nonetheless strongly encouraged to work together to stipulate to the authenticity and admissibility of exhibits to the extent possible in order to streamline the presentation to the jury.

### 2. Northeast's motion to strike

Northeast next moves to strike portions of the second amended complaint and limit Seedway's evidence to the express terms of the parties' contract. Relatedly, Northeast also moves to exclude evidence that was requested but not produced in discovery.

The motions are denied. The court declines to preemptively limit Seedway's evidence on breach. The court, however, clarifies that there is a single claim against a single defendant that will be tried to the jury—Seedway's breach of contract claim against Northeast. There are no other defendants and no other claims remaining. Seedway did not plead any other claims or name any other defendants in the Second Amended Complaint. As alleged in that pleading, the breach of contract claim is based on the 2016 contract (the "Application for Credit"), the parties' course of conduct, and the invoices between the parties. Seedway claims all relevant documentation has been provided in discovery. No motion to compel was filed pursuant to the court's December 2025 scheduling order. In the event Seedway attempts to introduce at trial exhibits that were not produced in discovery, Northeast may renew its objection.

Because the court has not granted either party summary judgment on any aspect of this claim, Seedway will have the burden to prove every element of its claim to the jury at trial by a preponderance of the evidence.

### 3. Seedway's motions in limine

Seedway first seeks to exclude evidence related to the warranty provision in the 2016 contract. That motion is denied. The one-year limitation is set out in a separate

2

paragraph and in different font from the "Limited One Year Warranty" provision and apparently applies to "any controversy or claim arising out of this sale." The court cannot conclude as a matter of law that the one-year limitation is confined to claim for breach of the limited one-year warranty.

Seedway next moves to exclude any evidence or argument related to the arbitration provision in the 2016 contract. That motion is granted insofar as Northeast may not argue that the provision may be enforced. The court has already ruled that Northeast waived any right to arbitration. Absent agreement between the parties, the court will provide an appropriate instruction to the jury that it should disregard the arbitration provision.

## Order

Motion 23 is MOOT.

Motion 24 is DENIED.

Motion 25 is DENIED.

Motion 26 is DENIED.

Motion 27 is GRANTED.

Motion 28 is DENIED.

Motion 29 is DENIED.

Motion 30 is GRANTED.

Motion 31 is GRANTED.


Electronically signed on: 3/31/2026 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge

3